[No. B008778. Second Dist., Div. Five. Dec. 9, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
EDDIE DARNELL KEYS, Defendant and Respondent.

## COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Alan Abajian and Ronald B. Davey, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**ASHBY, J.**—The People appeal (Pen. Code, § 1238, subd. (a)(1), (6)) from an order striking a prior serious felony conviction. (Pen. Code, § 667.)

By information defendant Keys was charged in count I with burglary of a residence and in count II with receiving stolen property. The information further alleged that he had previously been convicted of a serious felony, residential burglary, within the meaning of Penal Code section 667, subdivision (a).[1]

On the day set for trial the court announced that it understood defendant desired to enter a no contest plea and that "I have told your lawyer that as

---

[1]Penal Code section 667, subdivision (a), provides: "Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

Penal Code section 667, subdivision (b), provides: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply."

a result of your plea—and I am telling you by way of an indicated sentence—you'll be receiving a total term of six years in the state penitentiary." It was further understood that defendant would admit the prior felony conviction but that the court would strike it and take it into consideration instead in arriving at a sentence to the upper term. The prosecutor objected, citing Proposition 8. Defendant pleaded no contest to count I and to having been convicted of a serious felony, residential burglary, within the meaning of Penal Code section 667, subdivision (a), and requested immediate sentencing based on the probation report on file.

The court sentenced defendant as follows: ". . . It's my view that this case, as recommended by the probation department, does warrant a State Prison sentence. [¶] The defendant was on probation at the time that he had committed this offense, was performing in an unsuccessful manner. I'm mindful of the fact that that case involved a residential burglary, also. And the case did involve premeditation and the taking of substantial amounts of property. [¶] There doesn't appear to be any reason that this case would fall within the unusual circumstances provision of Section 462. For those reasons I feel a State Prison sentence is indicated. [¶] I'm going to strike the prior and use that—and the reason I'm striking the prior is that I'm going to use the prior conviction as a circumstance in aggravation and impose the upper term. [¶] All right. Probation is denied, Mr. Keys. It's the judgment of this Court that you be sentenced to the upper term of six years. [¶] The allegation that you suffered a prior felony conviction is ordered stricken, by the fact that I've used that as a factor in aggravation."[2]

The court's sentence was obviously based on rule 441(b), California Rules of Court, which provides: "A fact charged and found as an enhancement may be used to impose the upper term, whereupon the additional term of imprisonment prescribed for that fact as an enhancement shall be stricken. The use of the fact to impose the upper term is an adequate reason for striking the additional term of imprisonment."

We hold the trial court erroneously relied on rule 441(b), because Penal Code section 667 limits the discretion which would otherwise exist under rule 441(b). This conclusion is not affected by the recent decision in *People* v. *Fritz* (1985) 40 Cal.3d 227, 230-231 [219 Cal.Rptr. 460, 707 P.2d 833], holding that Penal Code section 667 does not restrict a trial court's power, in furtherance of justice pursuant to Penal Code section 1385, to strike a section 667 prior serious felony conviction. Here the trial court did not rely on Penal Code section 1385 nor state reasons which would

[2]Count II was subsequently dismissed on the motion of the People.

support an order under section 1385, so the record does not support upholding the order on this alternative ground. The cause will be remanded.

## DISCUSSION

■ Where a fact has been found as an enhancement, the language of rule 441(b) gives a trial court discretion either to impose the additional term for the enhancement or to use that fact as an aggravating factor for selecting the upper term.[3] The rule is a valid exercise of the rulemaking authority granted to the Judicial Council by Penal Code section 1170.3. (*People* v. *Wright* (1982) 30 Cal.3d 705, 711-714 [180 Cal.Rptr. 196, 639 P.2d 267].) **(1b)** However, the Legislature or the electorate in its legislative capacity may enact a statute amending or repealing a court rule. (See *People* v. *Reeder* (1984) 152 Cal.App.3d 900, 920 [200 Cal.Rptr. 479].) We find that in enacting Penal Code section 667 as part of Proposition 8 in June 1982, the electorate made clear its intent that in the case of a prior felony conviction found true pursuant to Penal Code section 667, a trial court does not have discretion under rule 441 to avoid the five-year enhancement simply by using the fact of the enhancement to impose a more lenient upper prison term instead.

■ Penal Code section 667, subdivision (a), provides that the defendant "shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

Subdivision (b) of Penal Code section 667 provides: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . ."

Subdivision (b) clearly states a guiding principle for interpretation and application of the five-year enhancement provided in subdivision (a): Where some other punishment could be imposed under some other provision of law, the longer term of imprisonment applies. Although subdivision (b) refers expressly to the situation where the "other" provision results in a longer term,[4] the electorate could not at the same time have intended that

---

[3]When the rule was adopted effective in 1977, the Advisory Committee comment stated: "The rule makes it clear that a fact charged and found as an enhancement may, in the alternative, be used in aggravation. This may work to the defendant's benefit, when the enhancement would carry an added term of three years or more, as aggravation cannot increase the term more than one year." (Deering's Ann. Cal. Code, Rules of Court (1980 ed.) §§ 201-End, p. 125.)

[4]See, e.g., Penal Code sections 667.51, subdivision (c) (15 years to life), 667.6, subdivision (b) (10 years), 667.7 (imprisonment for life, not eligible for release on parole for 20 years).

where the "other" provision (e.g., rule 441) results in a lesser term, the shorter term would apply. The fact that neither section 667 nor the ballot pamphlet arguments for Proposition 8 makes specific reference to rule 441 is not controlling, so long as the intent of the electorate is clearly indicated by the general rule expressed in subdivision (b) of Penal Code section 667. (See *In re Lance W.* (1985) 37 Cal.3d 873, 889 & fn. 9 [210 Cal.Rptr. 631, 694 P.2d 744].) Thus defendant's contention that for purpose of rule 441(b), Penal Code section 667 is like any other enhancement, has no merit. Section 667 is distinguished by its subdivision (b).

■   Such a limitation on the operation of rule 441(b) is consistent with the decision in *People* v. *Fritz, supra,* that Penal Code section 667 does not prevent a trial court from striking a prior pursuant to Penal Code section 1385.[5] Section 1385 is distinguishable both by its history and by the manner in which a court's power under section 1385 is exercised.

Prior to enactment of Proposition 8 the Supreme Court had held that in order to remove a trial court's power under section 1385 the legislative intention must be manifested with " 'unmistakable clarity.' " (*People* v. *Williams* (1981) 30 Cal.3d 470, 482, 484 [179 Cal.Rptr. 443, 637 P.2d 1029].) The Supreme Court held in *Fritz* that in light of the "unmistakable signal" in *Williams,* Proposition 8 was not sufficiently clear to abrogate a trial court's power under section 1385. (40 Cal.3d at pp. 230, 231.) But the fact that Proposition 8 failed to modify a court's section 1385 power does not warrant a conclusion that Proposition 8 also intended trial courts to have unbridled discretion under rule 441. The court's powers under rule 441 and under Penal Code section 1385 are different. Rule 441 grants a simple sentencing discretion to the trial court. Under rule 441(b), using the fact of the enhancement to impose an upper term is *sufficient reason by itself* to justify striking the additional term for the enhancement. The same would not necessarily be true under section 1385. The power of dismissal under section 1385 requires not only that the trial court's reasons be entered in the minutes but also that dismissal be in "furtherance of justice," which "requires consideration both of the constitutional rights of the defendant, and the *interests of society represented by the People* . . . ." (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193], italics in original; *People* v. *McAlonan* (1972) 22 Cal.App.3d 982, 986-987 [99 Cal.Rptr. 733].)

■   The record makes clear in this case that the trial court thought it had sentencing discretion pursuant to rule 441(b). The court made no finding of

---

[5]Penal Code section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

circumstances which would justify striking the prior "in furtherance of justice." The defendant had pleaded no contest to the current residential burglary and had admitted his prior conviction of another residential burglary. He had been on probation when he committed the new offense and the crime involved premeditation and the taking of substantial amounts of property. The only reason actually given by the court was that it took the prior into consideration in selecting the upper term, an improper reliance upon rule 441(b). The court made no finding why defendant's sentence should be any less than nine years, a midterm of four years plus a five-year enhancement. The only other circumstance suggested by the record is that defendant was willing to plead no contest. The record comes close to indicating an impermissible plea bargain between the court and the defendant over the objection of the prosecutor. (*People* v. *Orin, supra,* 13 Cal.3d at p. 943; *People* v. *Anderson* (1982) 129 Cal.App.3d 491, 494-495 [181 Cal.Rptr. 68]; *People* v. *Woodard* (1982) 131 Cal.App.3d 107, 110 [182 Cal.Rptr. 254]; but see *People* v. *Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 277 [130 Cal.Rptr. 548] [indicated sentence].) In similar circumstances the Supreme Court held it was an abuse of discretion, not in furtherance of justice under Penal Code section 1385, for a court, over the prosecutor's objection, to dismiss certain charges on the sole ground that the defendant entered a plea of guilty to other charges. (*People* v. *Orin, supra,* 13 Cal.3d at pp. 943-951.) On the present state of the record, the trial court's order cannot be sustained as a dismissal in furtherance of justice under Penal Code section 1385.

The order of dismissal is reversed. The cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Feinerman, P. J., and Hastings, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 27, 1986. Broussard, J., Reynoso, J., and Grodin, J., were of the opinion that the petition should be granted.