[No. B014490. Second Dist., Div. Five. Dec. 23, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
CARLOS EDUARDO RIVADENEIRA, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Mitchell W. Egers for Defendant and Respondent.

## OPINION

**EAGLESON, J.**—The principal question presented by this appeal is whether or not a trial court has the authority to "strike the punishment" for a prior robbery conviction alleged as an enhancement under Penal Code section 667, subdivision (a).[1] On the authority of *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], we conclude that the court retains that authority.

### FACTS

On November 29, 1984, defendant was charged in an information with two residential burglaries in violation of section 459. Defendant was also charged with a prior attempted residential burglary, a prior residential burglary, and a prior robbery, all serious felonies under section 667, subdivision (a).

On February 20, 1985, the defendant appeared in court and the prosecutor told him that the court would sentence him to the high term of six years on each of the burglary counts, the sentences to run concurrently. In addition, the prosecutor stated that the court would either stay or strike the prior robbery conviction so that respondent would not serve an additional five years if respondent pled guilty to each of the burglary charges and admitted the prior robbery conviction.

The prosecutor said the district attorney opposed this disposition on the ground that the trial court did not have the authority to either stay or strike the prior.

The defendant indicated he understood the arrangement. After appropriate admonitions and waivers, he pled guilty to the two residential burglary charges and admitted the prior serious felony robbery conviction that was alleged pursuant to section 667, subdivision (a).

At the probation and sentence hearing the court sentenced the defendant as earlier indicated: six years in state prison as to each count, with the counts to run concurrently. The court based its imposition of the upper term

---

[1]Hereinafter, all statutory references are to the Penal Code.

on five circumstances in aggravation which were listed in the probation report.

The court also imposed the five-year consecutive sentence for the prior robbery conviction but struck the punishment for that prior. In doing so, the court cited two unrelated factors in mitigation. The first was the fact that the defendant had agreed to abandon a petition for an extraordinary writ to the Court of Appeal following the denial of a section 995 motion on "an extremely close issue." The court further noted that not only did the defendant waive his right to appeal, but that he admitted his guilt at "an early stage of the proceedings," and under circumstances where "the prosecutor's office might be cutting off its nose in a case like this and standing on the legal issue and taking a severe chance of losing the entire matter."[2]

DISCUSSION

I

In *People* v. *Fritz, supra,* 40 Cal.3d 227, the Supreme Court held that neither article I, section 28, subdivision (f) of the state Constitution,[3] nor section 667 eliminated a trial court's traditional section 1385 authority to strike a prior conviction for purposes of sentencing.

"A long line of decisions, stretching over nearly 30 years, has established that a trial court's general statutory authority to 'dismiss' an action 'in furtherance of justice' under section 1385 [fn. omitted] includes the power to 'strike' a prior conviction for purposes of sentencing, whether or not the conviction has been admitted or established by the evidence." (*People* v. *Fritz, supra,* 40 Cal.3d at pp. 229-230.)

Although the trial court here purported to impose the five-year consecutive punishment, and then strike the punishment, the functional effect of the trial court's order was to strike the enhancement.[4] The only possible basis for this action is predicated upon section 1385.

---

[2]The trial court also struck the other two prior serious felony convictions. This seems superfluous, however, because respondent was never asked to admit that he had been convicted of attempted residential burglary and residential burglary.

[3]This portion of the Constitution was enacted as an initiative measure popularly called Proposition 8.

[4]The court stated: "The five-year consecutive punishment is imposed. Punishment stricken for that prior."

## II

■   The People next argue that the trial court did not exercise its section 1385 power in a lawful manner. We agree.

"The procedure of 'striking,' or setting aside or dismissing, a charge of a prior conviction . . . at the time of sentence is not expressly provided for by statute but it is commonly used in trial courts, not only where the prior conviction has not been legally established, but also where the fact of the conviction has been shown but the trial court has concluded that 'in the interest of justice' defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of that fact. [Citations.]" (*People* v. *Burke* (1956) 47 Cal.2d 45, 50-51 [301 P.2d 241].)

■   "The power to strike or dismiss the proceeding as to a prior conviction is within the power referred to in section 1385 of the Penal Code, which provides that 'The court[5] may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . .' The authority to dismiss the whole includes, of course, the power to dismiss or 'strike out' a part." (*People* v. *Burke, supra,* 47 Cal.2d at p. 51.)

■   The Supreme Court continued its instructive recital in *People* v. *Orin* (1975) 13 Cal.3d 937, 945-946 [120 Cal.Rptr. 65, 533 P.2d 193]: "From the case law, several general principles emerge. Paramount among them is the rule 'that the language of that section, "furtherance of justice," requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People,* in determining whether there should be a dismissal. [Citations.]' (*People* v. *Beasley* [1970] 5 Cal.App.3d 617, 636 [85 Cal.Rptr. 501]; original italics; . . . .) At the very least, the reason for dismissal must be 'that which would motivate a reasonable judge.' (*People* v. *Curtiss* [1970] 4 Cal.App.3d 123, 126 [84 Cal.Rptr. 106]; . . .."

■   A portion of section 1385 mandates that "The reasons of the dismissal must be set forth in an order entered upon the minutes."

---

[5]In 1980, section 1385 was amended by substituting the word "court" for the phrase "judge or magistrate."

"It is settled law that this provision is mandatory and not merely directory. Recently in *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 502-503 [72 Cal.Rptr. 330, 446 P.2d 138], while recognizing the broad right of a trial judge to dismiss in furtherance of justice, we adverted to the requirement that he 'must state his reasons in the minutes' and took pains to point out that '[i]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385. [Citations.]' (*Id.,* at p. 503, fn. 7.)" (*People* v. *Orin, supra,* 13 Cal.3d at p. 944.)

"The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason 'so that all may know why this great power was exercised.'" (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501]; italics in original; see also *People* v. *Andrade* (1978) 86 Cal.App.3d 963, 974 [150 Cal.Rptr. 662] (verbal statement recorded in the reporter's transcript not sufficient compliance).)

The People complain that the trial court's action was not in furtherance of justice. We do not reach this issue because, as stated, the law requires that the reasons for the trial court's conduct be clearly expressed in the minutes. We have examined the clerk's transcript on appeal and find no reference in the trial court's minutes for striking the enhancement under section 667, subdivision (a). The decision to strike the enhancement, as we have noted, springs from the power afforded trial courts to dismiss in furtherance of justice pursuant to section 1385.[6]

---

[6]In many respects this case is an anomaly. Ordinarily, busy trial court judges and equally frenzied court clerks do not take the time to articulate the reasons for a dismissal, or a striking, and outline the underlying facts to indicate that the action of the court is in furtherance of justice. The comment in footnote 10 in *People* v. *Orin, supra,* 13 Cal.3d at page 945 is pertinent:

"While it is probably true that dismissals under section 1385 are frequently ordered on mere statements of 'grounds' (i.e., 'in furtherance of justice') without any statement of reasons, this situation appears in a different light when the People oppose the dismissal and raise the issue on appeal.

"As the court said in *People* v. *Curtiss* (1970) 4 Cal.App.3d 123, 127 [84 Cal.Rptr. 106]: 'We recognize that throughout the state dismissals occur every day wherein the minutes do not set forth the reasons. A defendant, for example, is charged with four counts of burglary, pleads guilty to one count, the district attorney moves to dismiss the remaining three counts and the judge grants the motion without specifying the reasons in the minutes. In such a case, however, it is the prosecutor's own case which he is moving to dismiss and in so doing he is acting upon his own responsibility. Despite the defective procedure, no harm is done because the prosecutor obviously would not appeal from the order of dismissal.'"

We trust now that since *People* v. *Fritz, supra,* 40 Cal.3d 227 has announced that a trial court retains the authority to strike section 667, subdivision (a) enhancements, this type of appeal will subside.

## DISPOSITION

The judgment of conviction is affirmed insofar as it relates to defendant's guilt. The matter is remanded to the trial court to resentence the defendant in light of the conclusions expressed in this opinion.

Feinerman, P. J., and Hastings, J., concurred.

On February 20, 1986, the opinion was modified to read as printed above.