[No. B007634. Second Dist., Div. Five. June 9, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
ERNEST SANTANA, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, William J. Klump and Albert J. Menaster, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**EAGLESON, J.**—In this case, we hold that when the functional effect of a trial court's order is to strike a Penal Code section 667, subdivision (a)[1] enhancement, even though the action is denominated a stay, the court must comply with section 1385. Moreover, a trial court cannot use a prior 667, subdivision (a) conviction as a factor in aggravation of a sentence.

FACTS

Defendant was charged with burglary of a residence in violation of section 459. An amendment to the information further alleged that he came within the provisions of section 667, subdivision (a) because he had been previously

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

convicted "of a serious felony, to wit, BURGLARY (Residential), in violation of Section 459 of the Penal Code. . . ."

After the court had read and considered a preplea probation report (Code Civ. Proc., § 131.3), defendant, through counsel, advised the court that he had decided to plead guilty, admit the prior, and also admit a pending probation violation. Defense counsel commented that "the court is indicating it intended to use the prior as an enhancement and give [defendant] six years in the state prison, stay the prior and run the violation of probation concurrent."[2,3] The court replied, "That is correct."

The prosecutor then told the court, "The position of the prosecution is that the staying of time on the five years serious prior felony conviction, under Proposition 8, is not constitutional within the meaning of the amendment to the constitution."

After appropriate waivers, a plea was taken on July 18, 1984, at the conclusion of which the court stated: "In this matter the defendant is sentenced to the upper term of six years in state prison. He is given credit for 57 days time served plus 29 *People* vs. *Sage* credit [rf. *People* v. *Sage* (1980) 26 Cal.3d 498 (165 Cal.Rptr. 280, 611 P.2d 874)], for a total of 86. [¶] Time on the prior is stayed, the five year enhancement, so the total sentence is six years. [¶] On case No. A527211 he is found in violation of probation, probation is revoked, and the two year sentence of mid term to state prison is imposed, to run concurrently with the present six year term."

The People appeal from the minute order of July 18, 1984, pursuant to section 1238, subdivision (a), paragraphs (5) and (6).[4]

### DISCUSSION

 The People contend that the trial court cannot use a prior serious felony conviction as an aggravating factor to impose an upper term and thus preclude imposing the additional five-year enhancement mandated by section 667. We agree.

---

[2]Burglary of a residence is punishable by imprisonment in the state prison for two, four, or six years. (§ 461.) The six-year term (§ 1170, subd. (b)) may be imposed where there are factors in aggravation.

[3]Although defense counsel stated that the prior would be used as an enhancement, we construe this statement to mean that the prior burglary conviction would be used as an aggravating factor to elevate the mid-base term of four years to the high-base term of six years. (See Cal. Rules of Court, rule 421(b).)

[4]Actually, there are two minute orders. One records the appropriate pretrial and post-conviction waivers and the guilty plea. The other order defines the sentence imposed. The People appeal from the latter order.

I

In arriving at our conclusion, we first consider the action of the trial court when it purported to stay the "time on the prior."

The terms "stay" and "strike" are not legally synonymous. (*People v. Calhoun* (1983) 141 Cal.App.3d 117, 124 [190 Cal.Rptr. 115].) A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency.[5]

In contrast, a striking is an unconditional deletion of the legal efficacy of the stricken allegation or fact for purposes of a specific proceeding. It is tantamount to a dismissal.[6] In particular, the

---

[5]A good example of a "stay" is found in *People v. Beamon* (1973) 8 Cal.3d 625, 640 [105 Cal.Rptr. 681, 504 P.2d 905]. Defendant was convicted of robbery and kidnaping for purposes of robbery. He was sentenced on both the robbery and kidnaping convictions. He successfully contended that he had suffered multiple punishment in violation of section 654. The Supreme Court modified the judgment of conviction, which it thereupon affirmed, as follows: "'It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term of his natural life, as to Count 2 [kidnaping for the purpose of robbery] and that he be sentenced for the term provided by law as to Count 1 [robbery] provided, however, *that execution of sentence for Count 1 be stayed pending the finality of this judgment and service of sentence as to Count 2, such stay is to become permanent when service of sentence as to Count 2 is completed.*" (Italics added.) (See also *People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11].)

Another illustration is found in *People v. Dickinson* (1974) 43 Cal.App.3d 1034 [118 Cal.Rptr. 213]. There, defendant pled guilty to possession of cocaine for sale. The trial court suspended sentence, imposed probation on defendant, and ordered confinement for six months in county jail as a condition of probation. (*Id.,* at p. 1037.) "Pending appeal, however, the court *stayed confinement in the county jail on condition that defendant prosecute his appeal in a timely fashion.*" (*Ibid.,* italics added.) While criticizing the imposition of this type of condition, because it allowed the defendant to delay the appeal process, the court noted: "In future cases it would be preferable for the trial court to first determine whether in fact the proposed appeal had any merit or substantial plausibility and then decide *to stay or not to stay the confinement* rather than to issue an order which it cannot effectively enforce . . . ." (*Id.,* at p. 1038, italics added.)

Another use of a stay occurs where the sentencing court imposes a felony prison sentence but stays or suspends the execution of the sentence as part of a grant of probation. If the probation is violated, the stay can be lifted and the defendant ordered to serve the sentence imposed. (E.g., §§ 1203, 1203a, 1203.1, 1203.3.)

[6]"The procedure of 'striking,' or setting aside or dismissing, a charge of a prior conviction (or any of multiple counts or allegations of an indictment or information) at the time of sentence is not expressly provided for by statute but it is commonly used in trial courts, not only where the prior conviction has not been legally established, but also where the fact of the conviction has been shown but the trial court has concluded that 'in the interest of justice' defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of that fact. [Citations.]

"The power to strike or dismiss the proceeding as to a prior conviction is within the power referred to in section 1385 of the Penal Code, which provides that 'The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . .' The authority to dismiss the whole includes, of course, the power to dismiss or 'strike out' a part. [Citation.] The striking or dismissal

striking of an enhancement implies that the enhancement is legally insupportable, and must be dismissed in furtherance of justice.

The use of the word "strike" or "stay," however, is not always determinative of the trial court's intent. The focus should not be on the words used but on the functional effect of the trial court's order.

■ In the instant case, the court stated "time on the prior is stayed, the five year enhancement, . . ." The functional effect of this order was a striking, not a staying, because the order was unconditional. Under no circumstance, express or implied, could the five-year enhancement be resurrected and imposed at some future point in time.[7]

## II

■ Even if determined to be a stay, the trial court had no jurisdiction to make such an order.

"The several sections of [the Penal] code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed." (§ 12.)

The scope of this duty is illustrated in *People* v. *Cheffen* (1969) 2 Cal.App.3d 638 [82 Cal.Rptr. 658]. There, the jury returned a guilty verdict as to each of five felony counts. The trial judge pronounced judgment and sentence on only two of the five counts. Defendant was not informed as to the disposition of the remaining three counts or the punishment imposed

---

of a charge of prior conviction (regardless of whether it has or has not been admitted or established by evidence) is not the equivalent of a determination that defendant did not in fact suffer the conviction [citations]; such judicial action is taken, in the words of defendant's counsel, 'for the purpose of sentencing' only and 'any dismissal of charges of prior convictions . . . does not wipe out such prior convictions or prevent them from being considered in connection with later convictions.'" (*People* v. *Burke* (1956) 47 Cal.2d 45, 50-51 [301 P.2d 241]; see also *People* v. *Williams* (1981) 30 Cal.3d 470, 479 [179 Cal.Rptr. 443; 637 P.2d 1029]; *People* v. *Rivadeneira* (1985) 176 Cal.App.3d 132, 136-138 [222 Cal.Rptr. 548].)

[7]This analysis permits reconciliation of the holding in *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27]. *Lopez* involved a trial court order *staying* sentence on two prior convictions. The court concluded that "Since we conclude that the trial court could, under Penal Code section 1385 as construed and applied in *Williams* [30 Cal.3d 470 (179 Cal.Rptr. 443, 637 P.2d 1029)], have stricken the enhancements, it follows that the lesser order here was within the discretion of the trial court." (*People* v. *Lopez, supra,* 147 Cal.App.3d at p. 165, fn. omitted.)

We do not agree with *Lopez* insofar as it holds that a court may stay imposition of an enhancement on the theory that it is a type of necessarily included power under section 1385. Rather, we believe that what functionally occurred was a striking of the priors.

thereon. On appeal, the court held: "Upon conviction, it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. [Citations.] Pursuant to this duty, the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion. [Citations.]" (*Id.*, at p. 641.)

In *People* v. *Calhoun, supra,* 141 Cal.App.3d 117, the appellate court considered whether the trial court could stay the execution of the enhancement of a sentence under section 12022.5 for a firearm use. The court concluded: "There is nothing in the language of section 1385, which permits the 'stay' of all or part of a sentence." (*Id.*, at p. 125.)

We see no reason to distinguish the instant case because it involves section 667, subdivision (a) enhancements. The trial court clearly had no jurisdiction to stay the additional five-year sentence.

### III

The court, acting at the time without benefit of hindsight, had jurisdiction to strike the enhancement but failed to exercise this discretion properly.

"Section 667, subdivision (a), is not discretionary. It provides that '[a]ny person convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . .' Unless the prior serious felony is stricken, the court is required to impose the five-year enhancement." (*People* v. *Jackson* (1986) 178 Cal.App.3d 694, 697 [224 Cal.Rptr. 37].)

In *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], the Supreme Court held that neither article I, section 28, subdivision (f) of the state Constitution, enacted as part of an initiative measure (popularly called Proposition 8), nor section 667 eliminated a trial court's traditional section 1385 authority to strike a prior conviction for purposes of sentencing.[8,9] However, if the trial court elects to strike the prior, or

---

[8]Section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

[9]In order to nullify the *Fritz* holding, the Legislature has recently amended sections 667 and 1385 so that a sentencing court no longer has authority to strike a prior conviction. (Stats. 1986, ch. 85, §§ 1-4.)

where the functional effect of the court order is a striking, it must comply with section 1385.

"The power of dismissal under section 1385 requires not only that the trial court's reasons be entered in the minutes but also that dismissal be in "'furtherance of justice,'" which "'requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People* . . . . [Citations.]"' (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 . . ., italics in original; see also *People* v. *McAlonan* (1972) 22 Cal.App.3d 982, 986-987 . . . .)" (*People* v. *Jackson, supra,* 178 Cal.App.3d 694, 698.)

"'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason, "so that all may know why this great power was exercised."' (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637 . . .; italics in original; see also *People* v. *Andrade* (1978) 86 Cal.App.3d 963, 974 . . . (verbal statement recorded in reporter's transcript not sufficient compliance).)" (*People* v. *Rivadeneira,* 176 Cal.App.3d 132, 137.)

## IV

■ The remaining question is whether the prior section 667, subdivision (a) felony conviction may be used as a factor in aggravation so as to preclude its further use as an enhancement. If so, the effect of this procedure is to convert a five-year enhancement into an aggravation of sentence. In this case, defendant's sentence would be increased by two years. We hold that this action is an abuse of the trial court's discretion. The court must either impose the five-year enhancement or entirely strike the serious prior felony conviction. Here, the court did neither.

The practice of using a section 667, subdivision (a) serious prior felony conviction as a factor in aggravation was addressed in our opinion in *People* v. *Keys* (1985) 175 Cal.App.3d 431 [220 Cal.Rptr. 760].

In *Keys,* ostensibly a plea bargain case, the trial court struck the prior in order "to use the prior conviction, as a circumstance in aggravation and impose the upper term." (*Id.,* at p. 434.) We noted: "The court's sentence was obviously based on rule 441(b), California Rules of Court, which provides: 'A fact charged and found as an enhancement may be used to impose the upper term, whereupon the additional term of imprisonment prescribed for that fact as an enhancement shall be stricken. The use of the

fact to impose the upper term is an adequate reason for striking the additional term of imprisonment.'" (*Ibid.*)

We held that section 667 limits the discretion which would otherwise exist under rule 441(b). The electorate, in enacting section 667 as part of Proposition 8 in June 1982, made clear its intent that in the case of a section 667 prior, "a trial court does not have discretion under rule 441 to avoid the five-year enhancement simply by using the fact of the enhancement to impose a more lenient upper prison term instead." (*Id.*, at p. 435.)[10]

 The same limitation is not true under section 1385. However, that section can be invoked only where two requirements are met: first, the dismissal must be in furtherance of justice, and second, the reasons for the dismissal must be entered upon the court's minutes.

The court below made no finding of circumstances which could support striking the prior conviction enhancement in furtherance of justice. In fact, defendant was on probation for the same offense at the time of the guilty plea, and apparently pled guilty to avoid a trial.

The Supreme Court has held that the trial court abuses its discretion under section 1385 by dismissing certain charges on the sole ground that the defendant entered a guilty plea. (*People* v. *Orin, supra,* 13 Cal.3d 937, 943-951.) By parity of reasoning, refusal to impose

---

[10]Rule 421, California Rules of Court, read in context with section 1170, subdivision (b), identifies commonly encountered facts deemed to be circumstances in aggravation. Included under rule 421(b)(3) is the fact that "the defendant has served prior prison terms whether or not charged or chargeable as an enhancement under section 667.5." Thus, a charging allegation that a defendant has served a prior prison term under the provisions of 667.5, even if not proved, may be used as a factor in aggravation.

A charging allegation that a defendant has suffered a prior serious felony conviction pursuant to 667 is not specifically identified as a factor in aggravation in rule 421. That fact, however, even though not charged or charged but not proved, in many instances would fall under other specific enumerations of circumstances in aggravation.

Rule 421 is intended for consideration of the trial judge. (§ 1170.3.) Enumeration of some of the "criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made." (Cal. Rules of Court, rule 408(a); *People* v. *Covino* (1980) 100 Cal.App.3d 660, at p. 670 [161 Cal.Rptr. 155].) Thus, it would be well within the power of the court to consider either a charged but unproved, or uncharged, prior serious felony conviction and deem it to be a factor in aggravation. Ordinarily, the fact of conviction would be reflected in a probation report.

In the matter *sub judice*, the prior serious felony conviction (§ 667, subd. (a)) was both charged and proved, thereby invoking the mandatory application of the five-year enhancement. Both an allegation and proof of the prior are needed to support the enhanced punishment. (See *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644 [174 Cal.Rptr. 191].)

a section 667, subdivision (a) enhancement for the sole reason that the defendant pled guilty is not in furtherance of justice.[11]

## DISPOSITION

The judgment of conviction is affirmed insofar as it relates to the defendant's guilt. The case is remanded to the trial court to resentence the defendant in light of the conclusions expressed in this opinion.[12]

Feinerman, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 8, 1986, and respondent's petition for review by the Supreme Court was denied September 25, 1986.

---

[11]Defendant also argues that the court was precluded from imposing a five-year enhancement for the prior serious felony conviction because it was not shown to be burglary of a residence. Additionally, he claims that at the time of prior conviction, there was no such crime as residential burglary. This contention is without merit.

The amendment to the information alleged that on April 5, 1983, defendant was convicted of a serious felony, to wit, burglary (residential). At the time of the plea, the district attorney stated: "Mr. Santana, it's also alleged that at the time of the commission of this offense that you, Ernest Santana, had been, on the 5th of April, 1983, in the Superior Court of the State of California, for the County of Los Angeles, convicted of a serious felony, residential burglary, in violation of section 459, Penal Code. That case number was A527211. All of this within the meaning of [section] 667(a) of the Penal Code. Do you admit or deny the prior felony conviction? Answer: Admit it." This colloquy is sufficient proof of a prior serious felony conviction for purposes of imposing the five-year enhancement. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736].)

[12]This possibility was foreshadowed by the district attorney when he advised the defendant: "It's also possible that an appeal taken from this decision by the court to stay the prior could result in your being brought back and resentenced; do you understand that?" Defendant responded by stating: "Yes, I do."