Opinion
TODD, J.
The order dismissing the charge set forth in count III of the complaint is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
*Supp. 4 Facts
Respondent Gabriel Rivera Gutierrez was charged with violating Vehicle Code[1] sections 23152, subdivision (a) (driving while under the influence of alcohol—count I), 23152, subdivision (b) (driving with a blood-alcohol level of 0.08 percent or higher—count II), 14601.5, subdivision (a) (driving while privilege suspended or revoked for driving with excessive alcohol in the blood—count III), 12500, subdivision (a) (driving without a valid license—count IV), and 16028, subdivision (a) (failing to provide evidence of financial responsibility for a vehicle—count V). The violations were alleged to have occurred on February 18, 1997, and as to counts I and II, it was further alleged that on January 28, 1994, respondent had suffered a prior conviction of violating section 23152, subdivision (a).
The facts are not in dispute. Respondent’s driver’s license had been suspended on February 8, 1994, pursuant to section 13353.2, for driving with an excessive blood-alcohol level. In accordance with section 13353.3, subdivision (b)(2), the suspension was for one year.[2] As of the date of the instant offense, respondent had not complied with section 13353.4 in order to restore his driving privilege.[3]
Respondent’s motion to dismiss count III was heard prior to trial. The court dismissed the charge under Penal Code section 1385.[4] The transcript of the proceedings discloses that the trial court determined the period of suspension had simply ended after one year and concluded that respondent was driving without a valid license rather than on a suspended license. The People timely appealed, asserting two grounds: (1) the Court erred in failing to set forth the reasons for the dismissal under Penal Code section 1385 in the minutes, and (2) respondent’s driver’s license remained suspended due to respondent’s failure to comply with section 13353.4, and therefore the dismissal of the charge of violating section 14601.5, subdivision (a) was erroneous. We agree and reverse.
*Supp. 5 Compliance With Penal Code Section 1385
As for appellant’s argument that the order of dismissal must be reversed due to the trial court’s failure to include the reasons for the dismissal in the minutes, Penal Code section 1385, subdivision (a) expressly provides that “[t]he reasons for the dismissal must be set forth in an order entered upon the minutes.” “ ‘It is settled law that this provision is mandatory and not merely directory. . . . “[I]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385. [Citations.]” ’ ” (People v. Rivadeneira (1985) 176 Cal.App.3d 132, 137 [222 Cal.Rptr. 548].) “ ‘The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter’s transcript may show the trial court’s motivation; the minutes must reflect the reason “so that all may know why this great power was exercised.” ’ [Citations.]” {Ibid.) As the trial court minutes do not reflect the reasons for dismissal, the dismissal under Penal Code section 1385 cannot stand.
While we recognize that we need not address the order of dismissal on the merits in view of the trial court’s failure to set forth the reasons for the dismissal in the minutes (see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 336, pp. 377-378), we address the issue for the trial court’s guidance upon remand. (See 9 Witkin, Cal. Procedure, supra, Appeal, §§ 337-338, pp. 378-380; People v. Rivadeneira, supra, 176 Cal.App.3d 132.)
Statutory Construction
In construing the relevant statutes to determine whether a license suspension automatically terminates after the lapse of one year, our goal is to ascertain and effectuate legislative intent. (See People v. Woodhead (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) The first step in determining legislative intent is to look to the words contained in the statute, giving them their usual and ordinary meaning. (People v. Hull (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) We must then consider the entire statutory scheme of which the statute in question is a part, in such a way that the various elements of the overall scheme are harmonized. (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) In construing the words of a statute to discern its purpose, we must avoid an interpretation which would render terms surplusage, and give every word some significance, leaving no part useless or devoid of meaning. (People v. Hamilton (1995) 40 Cal.App.4th 1137, 1144 [47 Cal.Rptr.2d 343].)
*Supp. 6 In construing the words of the statute in question, we note that the language of section 13353.3 is ambiguous. While subdivision (b) of that section provides for the “period[s] of suspension of a person’s privilege to operate a motor vehicle,” it does not specify whether such periods constitute the entire periods of suspension imposed, or whether they are minimum periods of suspension. We must therefore look to related provisions to determine the Legislature’s intent in this respect.
Restoration of the driving privilege after suspension or revocation under section 13353.2 is addressed in section 13353.4 and requires completion of an alcohol education program and proof of economic responsibility. Special provision is made in section 13353.5[5] for termination of the suspension or revocation when the affected driver moves out of state. In section 13353.5, subdivision (a), the Legislature distinguishes between expiration and termination of suspension while explaining an exception for nonresidents to the usual operation and application of section 13353.4, subdivision (c).[6] The plain language of section 13353.5, subdivision (a) demonstrates that the Legislature has distinguished between the expiration of a mandatory suspension period and the ultimate termination of suspension. When section 13353.5, subdivision (a) and section 13353.4, subdivision (c) are read together, it is clear-that the Legislature intended that a person’s license remain suspended after the mandatory suspension period until the requirements of section 13353.4 have been met. If a suspension were to terminate automatically at the expiration of the mandatory period, there would be no need to enact a special provision for termination of the suspension for nonresidents.
Respondent argues that section 13353.5, subdivision (a) is irrelevant here because it explicitly applies only to section 13353.4, subdivisions (c) and (d), which in turn refer to sections inapplicable to the present case. However, *Supp. 7 the operative language of subdivision (c) of section 13353.4 is identical to that of subdivision (b).[7] The only difference relevant here is that section 13353.4, subdivision (c) applies to mandatory suspension periods under section 13352, while section 13353.4, subdivision (b) applies to mandatory suspension periods under section 13353.2, the section under which appellant’s license was suspended. Like subdivision (c), subdivision (b) of section 13353.4 provides that the license shall not be restored until all applicable fees have been paid and the person gives proof of financial responsibility to the Department of Motor Vehicles. The use of identical phrases in these two subdivisions dealing with the same subject should be accorded the same interpretation. (See Walker v. Superior Court (1988) 47 Cal.3d 112, 132 [253 Cal.Rptr. 1, 763 P.2d 852].)
Respondent also argues that because restrictions, suspensions or revocations ordered to run consecutively under the provisions of section 13354, subdivision (b), “commence after the restriction, suspension, or revocation already in effect. . . has terminated,” the suspension terminates at the expiration of that term. However, we interpret this language of section 13354 to mean that a consecutive period of suspension commences after the prior mandatory suspension period has expired and does not affect ultimate termination of suspension.
Respondent also argues that appellant’s construction of section 13353.5 makes certain language of section 13352.4, subdivision (b) surplusage. Section 13352.4, subdivision (a) provides that the Department of Motor Vehicles shall require a person “upon whom the court has imposed the condition of probation required by subdivision (b) of Section 23161” to complete two programs. Subdivision (b) of section 13352.4 provides: “The department shall suspend the privilege to drive of any person who is not in compliance with subdivision (a).” Respondent argues that if a license suspension did not automatically terminate at the end of the imposed period of suspension, the Department of Motor Vehicles would not need to suspend *Supp. 8 the license of a person who fails to complete the programs specified in subdivision (a). Respondent argues that by implication, license suspensions automatically terminate at the end of the term of suspension, and if a defendant does not complete the programs required under section 13352.4, subdivision (a), the Department of Motor Vehicles can impose a subsequent license suspension.
We reject this argument because section 13352.4 does not necessarily contemplate a preexisting suspension. Under section 23161, subdivision (a), a trial court is not required to order a first time offender’s license suspended. Under section 23161, subdivision (b), however, the trial court is required to order the defendant to complete an approved alcohol program as a condition of probation. Section 13352.4 authorizes the Department of Motor Vehicles to set a time period within which this condition of probation must be satisfied. If the driver does not complete the program within that period, section 13352.4, subdivision (b) applies, and the department must suspend the defendant’s driving privilege. The language of section 13352.4, subdivision (b) is therefore not surplusage.
We conclude that respondent’s license suspension pursuant to section 13353.2 did not automatically terminate at the end of the mandatory suspension period; rather, pursuant to section 13353.4, subdivision (b), respondent’s license remained suspended absent restoration of his driving privilege or termination of suspension as provided by statute.[8]
Public Policy
Public policy supports our interpretation of the relevant statutes. The Legislature has found that one driving with a suspended license is significantly more dangerous than a properly licensed driver.[9] If this court were to adopt respondent’s interpretation, drivers whose licenses have been suspended upon a conviction of a drunk driving offense would be treated the *Supp. 9 same as drivers who have simply never applied for a license, an anomalous result not intended by the Legislature.[10]
The order dismissing the charge set forth in count III of the complaint is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Kakita, P. J., and Roberson, J., concurred.

All further statutory references will be to the Vehicle Code unless otherwise indicated.

Section 13353.3 provides in relevant part: “(b) The period of suspension of a person’s privilege to operate a motor vehicle under Section 13353.2 is as follows: . . . 0Q (2) If the person [previously has committed certain offenses], which offense or occasion occurred within seven years of the occasion in question, the person’s privilege to operate a motor vehicle shall be suspended for one year.”

Subdivision (b) of section 13353.4 provides as relevant that “[t]he privilege to operate a motor vehicle shall not be restored after a suspension . . . pursuant to Section . . . 13353.2 until all applicable fees . . . have been paid and the person gives proof of financial responsibility ... to the [Department of Motor Vehicles].”

The notation in the docket simply states: “Count 3 is dismissed pursuant to Penal Code section 1385.”

Section 13353.5, subdivision (a) provides in part that “if a person whose driving privilege is suspended or revoked under Section 13352 or 13352.4 is a resident of another state at the time the mandatory period of suspension or revocation expires, the department may, upon written application of the person, terminate the suspension or revocation for the purpose of allowing the person to apply for a license in his or her state of residence.”

Section 13353.4, subdivision (c) provides in relevant part that “[t]he privilege to operate a motor vehicle shall not be restored after a suspension or revocation pursuant to paragraphs (1) to (7), inclusive, of subdivision (a) of Section 13352 until the person gives proof satisfactory to the department of completion of a program licensed pursuant to Chapter 9 . . .of Part 2 of Division 10.5 of the Health and Safety Code.” Paragraphs (1) through (7) of section 13352, subdivision (a) establish various mandatory periods of suspension or revocation of a person’s license depending on the nature of the violation involved. These paragraphs provide that a person’s license shall not be reinstated after the period of suspension has passed “until the person gives proof of ability to respond in damages and gives proof satisfactory to the department of successful completion [of an alcohol program].” (See § 13352, subd. (a)(1-7).)

Section 13353.4, subdivision (b) provides in relevant part: “The privilege to operate a motor vehicle shall not be restored after a suspension or revocation pursuant to Section 13352, 13353, 13353.1, or 13353.2 until all applicable fees . . . have been paid and the person gives proof of financial responsibility . . . to the department.”
Subdivision (c) of that section provides in relevant part: “The privilege to operate a motor vehicle shall not be restored after a suspension or revocation pursuant to paragraphs (1) to (7), inclusive, of subdivision (a) of Section 13352 until the person gives proof satisfactory to the department of completion of a program licensed pursuant to Chapter 9 (commencing with Section 11836) of part 2 of Division 10.5 of the Health and Safety Code . . . The department shall restore the privilege to operate a motor vehicle after a suspension or revocation pursuant to paragraphs (1) to (7), inclusive, of subdivision (a) of Section 13352 upon receipt of a certification, under penalty of peijury, by the director of a program specified in Section 8001 of the Penal Code that the person has completed the program specified in [that section].”

We also note that we are in agreement with a majority of other states who have considered the issue before us, who have concluded that the suspension or revocation of a person’s license continues past the initially imposed period until the person complies with all conditions for restoration. (See State v. Bettenhausen (N.D. 1990) 460 N.W.2d 394 [2 A.L.R.5th 1127]; collected cases in Annot. (1992) 2 A.L.R.5th 725, 759-763.)

Section 14607.4 provides: “The Legislature finds and declares all of the following: [U] (a) Driving a motor vehicle on the public streets and highways is a privilege, not a right. flO (b) ... A driver with a suspended license is four times as likely to be involved in a fatal accident as a properly licensed driver. HD ... HD (e) Californians who comply with the law are frequently victims of traffic accidents caused by unlicensed drivers. These innocent victims suffer considerable pain and property loss at the hands of people who flaunt the law. The Department of Motor Vehicles estimates that 75 percent of all drivers whose driving privilege has been withdrawn continue to drive regardless of the law.”

We have concluded that additional oral argument on this issue is unnecessary, and therefore appellant’s request for oral argument is hereby denied.