Filed 3/4/24  P. v. McGraw CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B330584 |
| | (Super. Ct. No. MA049580) |
| Plaintiff and Respondent, | (Los Angeles County) |
| v. | ORDER DENYING |
| | PETITION FOR |
| CALVIN McGRAW, | REHEARING AND |
| | MODIFYING OPINION |
| Defendant and Appellant. | (No Change in Judgment) |

THE COURT:

It is ordered that the opinion filed herein on February 21, 2024, be modified as follows:

On page 5, under DISPOSITION, the second sentence beginning "The case is remanded . . ." is deleted and the following is inserted in its place:

The matter is remanded for resentencing with directions to either impose or strike the enhancement pursuant to section 1385, subdivision (c).  In doing so, the trial court may exercise its

discretion to modify other aspects of appellant's sentence. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

There is no change in judgment.

Appellant's Petition for Rehearing is denied.

GILBERT, P.J.   YEGAN, J.   CODY, J.

Filed 2/21/24  P. v. McGraw CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALVIN McGRAW,<br><br>    Defendant and Appellant. | 2d Crim. No. B330584<br>(Super. Ct. No. MA049580)<br>(Los Angeles County) |

Calvin McGraw appeals from the judgment following his resentencing.  He contends the trial court erred by staying a one-year deadly weapon enhancement on a domestic violence conviction rather than dismissing or striking it under Penal Code section 1385, subdivision (a).[1]  Appellant also contends the court erred when it denied his request to dismiss one of two five-year

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

terms for great bodily injury and serious felony enhancements under section 1385, subdivision (c)(2)(B).

We agree in part with the first contention and will remand with directions to either impose or strike the deadly weapon enhancement.  We will otherwise affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Appellant beat his longtime girlfriend with a chair during an argument in 2010.  A jury convicted him of corporal injury to a cohabitant.  (§ 273.5, subd. (a)).  Appellant received an aggregate prison term of 22 years:  a base term of four years, doubled, on the corporal injury charge; three one-year prior prison term enhancements (§ 667.5, subd. (b); a one-year deadly weapon enhancement (§ 12022, subd. (b)(1)); a five-year great bodily injury enhancement (§ 12022.7, subd. (e)); and a five-year serious felony enhancement (§ 667, subd. (a)(1)).[2]  He began serving his sentence in 2011.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling appellant's sentence and resentencing him pursuant to sections 1172.7, subdivision (a) and 1172.75, subdivision (a).  The trial court struck the three one-year prior prison term enhancements as legally invalid under section 1172.7.[3]  It denied appellant's request to strike the remaining enhancements under section 1385, subdivision (c), but agreed to stay the one-year deadly

---

[2] The jury also convicted appellant of assault with a deadly weapon for the same incident.  (§ 245.)  The trial court stayed his sentence on this pursuant to section 654.

[3] Section 1172.7 invalidated enhancements imposed in connection with certain drug-related offenses.

weapon enhancement to commend him for "starting to make some progress" with his conduct and education in prison. He received a reduced aggregate term of 18 years.

## DISCUSSION

Appellant raises two issues on appeal. He first contends the trial court lacked authority to stay the one-year deadly weapon enhancement and should have stricken it instead. He then asserts the court erred by not striking one of his two five-year enhancements pursuant to section 1385, subdivision (c)(2)(B). We review both issues de novo as questions of statutory interpretation. (*People v. Walker* (2022) 86 Cal.App.5th 386, 395 (*Walker*).)

### *Deadly Weapon Enhancement*

"Ordinarily, an enhancement must be either imposed or stricken 'in furtherance of justice' under . . . section 1385." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364.) "The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice." (*Ibid.*) The parties agree the trial court erred when it stayed appellant's one-year deadly weapon enhancement. The parties disagree, however, about how to correct the error. Appellant argues we should strike the enhancement because the trial court's order "was the functional equivalent" of doing so. (See *People v. Santana* (1986) 182 Cal.App.3d 185, 190 [section 1385 applies where purported stay of sentence was "tantamount to a dismissal"].) The People argue we should direct the court to exercise its statutory discretion to either impose or strike the enhancement on remand.

We agree with the People. The trial court expressly declined to strike any enhancement other than those invalidated

3

by section 1172.7. It stated: "I do believe the defendant should be commended for making some progress. And so that is why I was open to an indicated that I was going to strike – or excuse me – I was going to stay the one-year weapon enhancement, because I do see progress." The court sentenced appellant to "an additional one year [enhancement] pursuant to [section] 12022, [subdivision] (b)(1)" and reiterated it would "be stayed." We will not speculate from this record whether it would have imposed or stricken the enhancement had it not mistaken the scope of its discretion under section 1385. We leave this task to the trial court on remand.

*Serious Felony and Great Bodily Injury Enhancements*

A trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Evidence proving one or more of the nine mitigating circumstances listed in subdivision (c)(2) "erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement—with the resultingly shorter sentence—would endanger public safety." (*Walker*, *supra*, 86 Cal.App.5th at p. 392.) "'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

One of these mitigating circumstances is when "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subdivision (c)(2)(B).) Appellant argues this language required the trial court to strike one of the two remaining five-year enhancements, i.e., either the serious felony or great bodily injury enhancement. This ignores the preceding language in

4

subdivision (c)(2): "*In exercising its discretion under this subdivision*, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." (§ 1385, subd. (c)(2), italics added.) We decline to read subdivision (c)(2)(B) as divesting the court of this discretion by requiring it to strike an enhancement – even if doing so would endanger public safety. (See *People v. Anderson* (2023) 88 CalApp.5th 233, 239 ["the dismissal of the enhancement [under subdivision (c)(2)(B)] is conditioned on a court's finding dismissal is in the interest of justice"]; *Walker*, *supra*, 86 Cal.App.5th at pp. 397-398 [nothing in legislative history of section 1385, subdivision (c) "indicates an intent to deprive trial courts of their discretion altogether—either generally or more specifically in the subset of cases where multiple enhancements are alleged"].)

DISPOSITION

The judgment is reversed in part as to the trial court's order imposing, but staying, the one-year deadly weapon enhancement on count one for corporal injury to a cohabitant. The case is remanded with directions to either impose or strike the enhancement pursuant to section 1385, subdivision (c). The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          YEGAN, J.

Daviann L. Mitchell, Judge
Superior Court County of Los Angeles

_____

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Julie A. Harris, Deputy Attorney General, for Plaintiff and Respondent.