[No. B122006. Second Dist., Div. Three. Mar. 22, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH DAVIS, Defendant and Appellant.

## COUNSEL

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar, Brad D. Levenson and Peggie J. Bradford, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KLEIN, P. J.**—Defendant and appellant Kenneth Davis obtained a certificate of probable cause to appeal on the ground he was erroneously denied deferred entry of judgment. Following the denial, Davis pled guilty to one count of possession of cocaine (Health & Saf. Code, § 11350), the prior

conviction allegation was dismissed in the interest of justice, and he was sentenced to two years in state prison. Davis now appeals the denial of his motion for deferred entry of judgment. (Pen. Code, § 1000 et seq.)[1]

In this case of first impression, we are called upon to determine whether the deferred entry of judgment statutory scheme, effective three years after the enactment of the "Three Strikes" law, is prohibited for third strike offenders. *Butler v. Superior Court* (1998) 63 Cal.App.4th 64 [73 Cal.Rptr.2d 504], failed to reach the issue on petition for writ of mandate only because "[t]he sole remedy of a defendant who is found ineligible for deferred entry of judgment is a postconviction appeal." (§ 1000, subd. (b).)

We find the allegation of a prior conviction within the meaning of the Three Strikes law does not render a defendant ineligible for participation in the deferred entry of judgment program. Therefore, we reverse and remand to permit the trial court to reconsider Davis's request to participate in the program.

### FACTUAL AND PROCEDURAL BACKGROUND

The evidence adduced at the preliminary hearing indicated that on July 30, 1997, at approximately 11:00 p.m., Compton Police Officer Jerry Patterson saw Davis cross Compton Boulevard unsafely. Patterson told Davis "he was going to get hit if he kept crossing the street that way." Patterson saw a piece of tin foil in Davis's hand and noticed Davis was "nervous and he was shaking." Patterson asked what Davis had in his hand and Davis replied, "It's just a couple of chips." The parties stipulated Patterson recovered 0.2 grams of a solid substance containing cocaine.

An information filed October 2, 1997, charged Davis with possession of a controlled substance and alleged a prior 1988 conviction of robbery within the meaning of the Three Strikes law. In pretrial proceedings, Davis sought to enter the deferred entry of judgment program under section 1000 et seq. The prosecutor filed a declaration, which indicated Davis could not participate in the deferred entry of judgment program because he had a prior conviction of robbery.

The trial court ruled Davis was ineligible, based on the Three Strikes law, which provides in relevant part: "Notwithstanding any other law, if a defendant has been *convicted* of a felony and it has been pled and proved that the defendant has one or more prior felony convictions . . . [;] [¶] . . . [¶] (4) There shall not be a commitment to any other facility other than the state

---

[1]Subsequent unspecified statutory references are to the Penal Code.

prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center . . . ." (§§ 667, subd. (c)(4), 1170.12, subd. (a)(4), italics added.)

Davis sought writ review of this ruling and his petition for writ of mandate was denied by this court on November 19, 1997.

Thereafter, pursuant to a negotiated disposition, Davis pleaded no contest to possession of a controlled substance in exchange for a term of two years in state prison, dismissal of the prior conviction allegation, and a certificate of probable cause regarding the trial court's finding that Davis was ineligible for deferred entry of judgment.

## CONTENTIONS

Davis contends the trial court's ruling on his request to participate in the deferred entry of judgment program was error. Davis argues the eligibility requirements for deferred entry of judgment are clear and unambiguous and its implementation does not require a defendant to be diverted from the system; to the contrary, a defendant must plead guilty to the charges, and upon failure to comply with the program, is sentenced pursuant to the Three Strikes law.

The People contend the Three Strikes law specifically disallows diversion, that deferred entry of judgment is just another form of diversion, and allowing Davis to participate in deferred entry of judgment, when he could not have participated in diversion, would result in mischief and absurdity.

## DISCUSSION

1. *The Three Strikes law does not prohibit participation in the deferred entry of judgment program.*

a. *Statutory background.*

Commencing in December 1972, sections 1000-1000.4 provided for diversion of defendants charged with enumerated drug offenses including possession of a controlled substance. (Stats. 1972, ch. 1255, § 17, pp. 2469-2471.) Under the diversion program, an eligible defendant did not plead guilty but was diverted and referred for education, treatment, or rehabilitation for a period from six months to two years. Upon satisfactory completion of the diversionary program, the charges were dismissed and the underlying arrest was deemed not to have occurred.

The Three Strikes law was enacted as urgency legislation on March 7, 1994, and thereafter adopted by the electorate on November 9, 1994. It provides, inter alia, that if a defendant has been *convicted* of a felony, and it has been pled and proved that a defendant has one or more prior serious or violent felony convictions, the defendant shall not be committed to any facility other than the state prison, diversion shall not be granted, and the defendant shall not be eligible for commitment to the California Rehabilitation Center. (§§ 667, subd. (c)(4), 1170.12, subd. (a)(4).)

Approximately three years later, effective January 1, 1997, the Legislature amended sections 1000-1000.4 so as to replace diversion with deferred entry of judgment. (Stats. 1996, ch. 1132, § 2.)[2] Under the deferred entry of judgment program for drug abuse, a defendant charged with certain enumerated drug offenses, including possession of a controlled substance, may enter a plea of guilty, participate in a drug rehabilitation program, and, upon completion of the program, have the charges dismissed. The provisions for deferred entry of judgment are available if a defendant satisfies the requirements set forth in section 1000, subdivision (a)(1)-(6).[3] The court then must determine whether the defendant is suitable for participation pursuant to

---

[2]The Legislature previously had effected a similar amendment to provisions addressing child abuse and neglect counseling. These provisions, first enacted in 1977, were found at former section 273ab. (Stats. 1977, ch. 1130, § 3, p. 3630.) In 1983, the Legislature replaced former section 273ab with section 1000.12 et seq., which continued the diversion program for child abuse and neglect counseling. Effective January 1, 1995, the Legislature amended the chapter to replace the existing diversion program with one based on deferred entry of judgment. (Stats. 1994, 1st Ex. Sess. 1993, ch. 49, § 1.)

[3]Section 1000 states in pertinent part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of Section 11350, . . . and it appears to the prosecuting attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense."

Section 1000, subdivision (b) describes the deferred entry of judgment eligibility determination process as follows: "The prosecuting attorney shall . . . determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply to the defendant. Upon the agreement of the prosecuting attorney, law enforcement, the public defender, and the presiding judge of the criminal division of the municipal court . . . or a judge designated by the presiding judge, this procedure shall be completed as soon as possible after the initial filing of the charges. If the defendant is found eligible, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall

section 1000.2. This requires the court to determine whether the defendant would be "benefited" by the deferred entry of judgment procedure. (§ 1000.2.) If found suitable, the defendant must waive the right to a speedy trial, *plead guilty* and thereafter participate in a designated program for at least 18 months, but no longer than three years. (§§ 1000.1, 1000.2.) If the defendant fails to perform satisfactorily, the prosecutor, the probation officer, or the court on its own motion may seek entry of judgment. (§ 1000.3.) If the court finds the defendant has failed to perform satisfactorily, "the court shall render a finding of guilt to the charge . . . , enter judgment, and schedule a sentencing hearing . . . ." (§ 1000.3.) *The defendant's plea of guilty does not constitute a conviction for any purpose unless a judgment of guilty is entered as provided in section 1000.3.* (§ 1000.1, subd. (d).)

### b. *The People's contentions.*

■ The People contend the prohibition of diversion found in the Three Strikes law must be interpreted so as to also preclude participation in deferred entry of judgment. They claim this result is required in order to effectuate the intent of the Three Strikes law to ensure longer prison sentences and greater punishment for those who commit a felony and previously have been convicted of serious and/or violent felony offenses. (§ 667, subd. (b).) The People argue diversion and deferred entry of judgment are functionally equivalent and that mischief and absurdity will result if a defendant with a qualifying prior strike conviction is permitted to participate in the deferred entry of judgment program, notwithstanding the express prohibition of diversion found in the Three Strikes law.

### c. *The Three Strikes law does not preclude participation in deferred entry of judgment.*

We disagree with the People and conclude the Three Strikes law does not prohibit participation in deferred entry of judgment. There being no claim of constitutional infirmity of the statute, we are presented solely with a matter of statutory interpretation.

Under the plain meaning of the words of the Three Strikes law and the deferred entry of judgment program, an otherwise eligible defendant is not

---

make this information available to the defendant and his or her attorney. This procedure is intended to allow the court to set the hearing for deferred entry of judgment at the arraignment. If the defendant is found ineligible for deferred entry of judgment, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney. The sole remedy of a defendant who is found ineligible for deferred entry of judgment is a postconviction appeal."

excluded from deferred entry of judgment based on the allegation of a prior serious or violent felony conviction. The deferred entry of judgment program excludes defendants, inter alia, who have suffered any felony conviction within the preceding five years (§ 1000, subd. (a)(6)), or if the current felony involved violence or the threat of violence (§ 1000, subd. (a)(2)), but does not exclude potential participants based on the allegation of a prior serious or violent felony conviction. Thus, the deferred entry of judgment allows a strike defendant to participate.

Turning to the Three Strikes law, we find the relevant provisions of both versions of its enactment require commitment to a state prison only whenever a defendant with prior serious or violent felony convictions has been *convicted* of a felony. (§§ 667, subd. (c), 1170.12, subd. (a)(4).) However, a plea of guilty entered by a defendant who participates in the deferred entry of judgment program does not constitute a *conviction* for any purpose unless a judgment of guilty is entered upon failure of the defendant to perform satisfactorily in the program. (§ 1000.1, subd. (d).) A defendant's participation in the deferred entry of judgment program occurs before he or she has been convicted of a felony. This leaves the provisions of the Three Strikes law in abeyance until such time as the defendant fails to perform satisfactorily and judgment is imposed.

Regarding the People's assertion that the express prohibition of diversion found in the Three Strikes law must be interpreted to include prohibition of deferred entry of judgment because the two are functionally equivalent, we disagree. The legal consequences of participation in deferred entry of judgment are significantly more onerous than those of participation in diversion. An eligible defendant could participate in diversion for a period of six months to two years without pleading guilty to the charged offense. In order to participate in the deferred entry of judgment program, an eligible defendant must *plead guilty* to the charged offense and must participate for a period of 18 months to three years. A defendant who fails a diversion program must be tried, convicted, and sentenced. A defendant who fails a deferred entry of judgment program need only be sentenced. The disparity between the consequences of the two programs is substantial. Indeed, deferred entry of judgment may not be applied retrospectively to a defendant whose criminal conduct occurred prior to the amendment of the statute. (*People v. Perez* (1998) 68 Cal.App.4th 346, 354 [80 Cal.Rptr.2d 188].) Thus, the two programs clearly are not functionally equivalent.

Nor is the purpose of the Three Strikes law—longer prison terms for defendants with prior serious or violent felony convictions—frustrated by

permitting eligible defendants to participate in deferred entry of judgment program. If the defendant fails to perform satisfactorily, the court must render a finding of guilt, enter judgment, and impose sentence *pursuant to the provisions of the Three Strikes law*. Deferred entry of judgment merely permits the court an additional means, other than striking a prior conviction in the interests of justice (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]), by which to avoid the harsh sentencing rules of the Three Strikes law where the defendant has been charged with a qualifying minor drug offense and is otherwise eligible. This construction removes from the criminal justice system those otherwise eligible defendants charged with possession of narcotics.

In sum, because the statutory provisions regarding the deferred entry of judgment program do not conflict with the Three Strikes law, and because the Three Strikes law does not preclude participation in deferred entry of judgment, the plain meaning of the words of the respective statutes indicates that an otherwise eligible strike defendant may participate, notwithstanding the allegation of a prior serious or violent felony conviction.

Moreover, even if the meaning were not clear, application of standard rules of construction reveal an intent to allow third strike defendants to participate in deferred entry of judgment. The Legislature is deemed to have been aware of statutes already in existence and to have enacted or amended a statute in light thereof. (*People v. Rayford* (1994) 9 Cal.4th 1, 21 [36 Cal.Rptr.2d 317, 884 P.2d 1369]; *People v. Hall* (1994) 8 Cal.4th 950, 962 [35 Cal.Rptr.2d 432, 883 P.2d 974]; *People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078]; *In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11 [210 Cal.Rptr. 631, 694 P.2d 744].) Thus, the Legislature must be deemed to have been aware, at the time it amended sections 1000-1000.4, that the Three Strikes law prohibited diversion, but did not prohibit deferred entry of judgment. Accordingly, it must be presumed that when the Legislature replaced diversion with deferred entry of judgment as to the drug violation in issue, it intended to permit otherwise qualifying strike defendants to participate in the deferred entry of judgment program, notwithstanding the prohibition of diversion found in the Three Strikes law.

Because the trial court erroneously resolved this issue, the matter must be remanded for further proceedings on Davis's eligibility, consistent with the views expressed herein.

## DISPOSITION

The judgment is reversed and the matter remanded to the superior court to permit Davis to renew his request for deferred entry of judgment.

Croskey, J., and Aldrich, J., concurred.