[No. H020663. Sixth Dist. Mar 27, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL CARRILLO, Defendant and Appellant.

## COUNSEL

Julian A. Gross, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Rene A. Chacon and Nanette Winaker, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELIA, J.**—Michael Carrillo pled guilty to felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), misdemeanor using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364). (Pen. Code, § 1237.5;[1] Cal. Rules of Court, rule 31(d).) He also admitted a "strike" allegation (§§ 667, subds. (b)-(i), 1170.12) and two prior prison term allegations (§ 667.5, subd. (b)). The court sentenced defendant Carrillo under the "Three Strikes" law and he appeals. (§ 1237.5; Cal. Rules of Court, rule 31(d).)

The sole issue on appeal is whether a superior court may circumvent the Three Strikes law rendering offenders within its sentencing provisions ineligible for commitment to the California Rehabilitation Center (CRC), as provided in Welfare and Institutions Code section 3050 et seq., by conditionally dismissing strike allegations pursuant to section 1385. We find the court correctly determined it did not have discretion to conditionally dismiss and affirm.

### A. *Procedural History*

After pleading guilty to the three charges set forth in the information and admitting the strike and enhancement allegations, defendant Carrillo made a

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

*Romero*[2] motion to dismiss the strike allegations. The court denied the request.

At the sentencing hearing, defense counsel asked the court to consider dismissing the strike allegation for the limited purpose of allowing the defendant to go to the CRC. The court refused to consider this request. It stated: "Let me just say that for the record, that I am familiar with People versus Garcia, and I do not believe that it permits me to strike the strike for a limited purpose to allow the defendant to go into the CRC. I don't believe it confers that authority."[3]

## B. *Statutory Limitations on Sentencing Under the Three Strikes Law*

Defendant Carrillo acknowledges the Three Strikes law makes a defendant with a "strike" conviction ineligible for placement in the CRC. However, defendant asserts that the court had discretion, which it failed to recognize and exercise, to conditionally dismiss the strike allegation on condition he complete a commitment to the CRC. He maintains, therefore, the case must be remanded for resentencing.

Section 667, subdivision (c)(4), and section 1170.12, subdivision (a)(4), both provide that, notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions, "[t]here shall not be a commitment to any other facility other than the state prison." (See also §§ 667, subd. (d), 1170.12, subd. (b).) Those sections further state: "Diversion shall not be granted *nor shall the defendant be eligible for commitment to the California Rehabilitation Center* as provided in Article 2 (commencing with Section 3050) of Chapter 1 of Division 3 of the Welfare and Institutions Code." (§§ 667, subd. (c)(4), 1170.12, subd. (a)(4), italics added.) Given this explicit statutory language, it is hard to imagine how the Legislature could have made it clearer that the CRC was not an alternative to state prison when sentencing a defendant under the Three Strikes law.

Nevertheless, defendant reasons as follows. He asserts that the courts have statutory authority to modify the sentence of a defendant who is found ineligible for or rejected from the CRC and returned to court. (See Welf. &

---

[2]*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

[3]In *People v. Garcia* (1999) 20 Cal.4th 490 [85 Cal.Rptr.2d 280, 976 P.2d 831], the California Supreme Court held that "a trial court in a Three Strikes case may exercise its discretion under section 1385, subdivision (a), so as to dismiss a prior conviction allegation with respect to one count, but not with respect to another." (*Id.* at pp. 503-504.)

Inst. Code, §§ 3051, 3053.)[4] He maintains that nothing in the Three Strikes law precludes a court from conditionally dismissing the strikes against a

---

[4]Welfare and Institutions Code section 3051 provides in pertinent part: "Upon conviction of a defendant for a felony, or following revocation of probation previously granted for a felony, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section. [¶] Upon the filing of the petition, the court shall order the defendant to be examined by one physician. However, the examination may be waived by a defendant if the defendant has been examined in accordance with Section 1203.03 of the Penal Code and that examination encompassed whether defendant is addicted or is in imminent danger of addiction, and if the defendant is represented by counsel and competent to understand the effect of the waiver. In cases where a physician's report is waived by the defendant, the Department of Corrections may perform an evaluation and provide a report as to the defendant's addiction or imminent danger of addiction. If the Department of Corrections determines that the defendant is not addicted or in imminent danger of addiction, the defendant shall be returned to the sentencing court for resentencing. The examination may also be waived upon stipulation by the defendant, his or her attorney, the prosecutor, and the court that the defendant is addicted or is in imminent danger of addiction. If a physician's report is prepared, at the request of the defendant, the court shall order the defendant to be examined by a second physician. At least one day before the time of the examination as fixed by the court order, a copy of the petition and order for examination shall be personally delivered to the defendant. A written report of the examination by the physician or physicians shall be delivered to the court, and if the report is to the effect that the person is not addicted nor in imminent danger of addiction, it shall so certify and return the defendant to the department of the superior court that directed the filing of the petition for the ordering of the execution of the sentence. *The court may, unless otherwise prohibited by law, modify the sentence or suspend the imposition of the sentence.* If the report is to the effect that the defendant is addicted or is by reason of the repeated use of narcotics in imminent danger of addiction, further proceedings shall be conducted in compliance with Sections 3104, 3105, 3106, and 3107. [¶] If, after a hearing, the judge finds that the defendant is a narcotic addict, or is by reason of the repeated use of narcotics in imminent danger of becoming addicted to narcotics, the judge shall make an order committing the person to the custody of the Director of Corrections for confinement in the facility until a time that he or she is discharged pursuant to Article 5 (commencing with Section 3200), except as this chapter permits earlier discharge. If, upon the hearing, the judge finds that the defendant is not a narcotic addict and is not in imminent danger of becoming addicted to narcotics, the judge shall so certify and return the defendant to the department of the superior court that directed the filing of the petition for the ordering of execution of sentence. *The court may, unless otherwise prohibited by law, modify the sentence or suspend the imposition of the sentence.*" (Italics added.)

Welfare and Institutions Code section 3053 provides in pertinent part: "(a) If at any time following receipt at the facility of a person committed pursuant to this article, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he *shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted.* [¶] . . . [¶] (c) If the defendant was originally committed pursuant to Section 3050 or 3051, the

criminal defendant and then initiating proceedings to commit the defendant to the CRC because the defendant would not be within the scope of the Three Strikes law at that time. On this point, he cites *People v. Davis* (2000) 79 Cal.App.4th 251 [93 Cal.Rptr.2d 905], where the appellate court held that the Three Strikes law did not prohibit that defendant's participation in the deferred entry of judgment program.

Defendant Carrillo's analysis is flawed for several reasons. First, the defendant has not cited any authority to support his assertion that a court has the power to conditionally dismiss a "strike" allegation under section 1385. Defendant seems to suggest that the court could place a prior conviction allegation into a kind of suspended animation but subsequently resurrect the allegation if the defendant was excluded or rejected from the CRC. The procedure envisioned by defendant is more akin to a stay.

■ "A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency. [¶] In contrast, a striking is an unconditional deletion of the legal efficacy of the stricken allegation or fact for purposes of a specific proceeding. It is tantamount to a dismissal. In particular, the striking of an enhancement implies that the enhancement is legally insupportable, and must be dismissed in furtherance of justice."[5] (*People v. Santana* (1986) 182 Cal.App.3d 185, 190-191 [227 Cal.Rptr. 51], fns. omitted.) "The difference between 'striking' and 'staying' is not a mere linguistic difference." (*People v. Calhoun* (1983) 141 Cal.App.3d 117, 126 [190 Cal.Rptr. 115]; cf. *People v. Aubrey* (1998) 65 Cal.App.4th 279, 284 [76 Cal.Rptr.2d 378].) "The decision to 'stay' is . . . a sentencing method; that is, a sentence may be 'imposed' or 'stayed.' " (*Calhoun,* at p. 126.) In contrast, a dismissal under section 1385, subdivision (a), cuts off an action or a part of an action against the defendant. (See *People v. Hernandez* (2000) 22 Cal.4th 512, 524 [93 Cal.Rptr.2d 509, 994 P.2d 354].)

■ Defendant has not cited any authority to support his argument that a superior court has the power to "reinstate" a strike allegation once it has been dismissed pursuant to section 1385. Defendant has not provided any

---

committing court, if the criminal proceedings were conducted in another court, shall notify that court which adjourned its criminal proceedings or suspended sentence in such case pending the civil commitment. In such event, *that criminal court shall then promptly set for hearing the matter of the sentencing of the defendant upon the conviction which subsequently resulted in the original civil commitment."* (Italics added.)

[5]The California Supreme Court in *People v. Garcia, supra,* 20 Cal.4th 490 noted regarding the distinctions made in *Santana*: "Taken in context, however, these statements clearly refer only to the sentence for the single conviction at issue in that case. *Santana* did not suggest that a trial court, having struck an allegation as to one conviction, could not use the same allegation when imposing a sentence for a different conviction." (*Id.* at p. 502, italics omitted.)

authority establishing that judicial modification of an existing sentence encompasses the reinstatement of a dismissed strike.

■ In addition, *People v. Davis, supra,* 79 Cal.App.4th 251, which is cited by defendant, is distinguishable. In that case, the defendant sought to enter the deferred entry of judgment program under section 1000 et seq. (79 Cal.App.4th at p. 253.) The trial court ruled that the defendant was ineligible based on the Three Strikes law. (*Ibid.*) The Court of Appeal held that the Three Strikes law did not bar the defendant's participation in the deferred entry of judgment program. (*Id.* at pp. 253, 256.) Its holding expressly rested on the interpretation of statutory language, which has no application to this case. (See *People v. Davis, supra,* 79 Cal.App.4th at p. 256.)

Focusing on the statutory provisions governing the deferred entry of judgment program, the court in *Davis* observed that the law "does not exclude potential participants based on the allegation of a prior serious or violent felony conviction." (*People v. Davis, supra,* 79 Cal.App.4th at p. 257; see § 1000.) It emphasized section 1000.1, subdivision (d). (*People v. Davis, supra,* 79 Cal.App.4th at pp. 256-257.) That provision states: "A defendant's plea of guilty pursuant to this chapter shall not constitute a conviction for any purpose unless a judgment of guilty is entered pursuant to Section 1000.3."(§ 1000.1, subd. (d).) Ordinarily, a plea of guilty constitutes a "conviction." (*People v. Banks* (1959) 53 Cal.2d 370, 390-391 [1 Cal.Rptr. 669, 348 P.2d 102]; see *Stephens v. Toomey* (1959) 51 Cal.2d 864, 869 [338 P.2d 182]; see also § 689 ["No person can be convicted of a public offense unless by verdict of a jury, accepted and recorded by the court, by a finding of the court in a case where a jury has been waived, or by a plea of guilty"].)

The court in *Davis* determined that, as statutorily defined, a defendant's participation in the deferred entry of judgment program occurs before conviction and the Three Strikes sentencing scheme applies only after conviction. (*People v. Davis, supra,* 79 Cal.App.4th at pp. 257-258.) The court concluded: "[T]he plain meaning of the words of the respective statutes indicates that an otherwise eligible strike defendant may participate, notwithstanding the allegation of a prior serious or violent conviction." (*People v. Davis, supra,* 79 Cal.App.4th at p. 258.)

The appellate court found this conclusion was reinforced by the fact that the Three Strikes law does not expressly prohibit defendant's participation in the deferred entry of judgment program (§§ 667, subd. (c)(4), 1170.12, subd. (a)(4)). (*People v. Davis, supra,* 79 Cal.App.4th at p. 258.) The same, of course, cannot be said of the Three Strikes law regarding commitment to the CRC pursuant to Welfare and Institutions Code section 3050 et seq.

In *Davis*, the court applied the standard rule of statutory construction that "[t]he Legislature is deemed to have been aware of statutes already in existence and to have enacted or amended a statute in light thereof. [Citations.]" (*People v. Davis, supra,* 79 Cal.App.4th at p. 258.) The court stated that "it must be presumed that when the Legislature replaced diversion with deferred entry of judgment as to the drug violation in issue, it intended to permit otherwise qualifying strike defendants to participate in the deferred entry of judgment program, notwithstanding the prohibition of diversion found in the Three Strikes law." (*Ibid.*)

In this case, unlike the situation with deferred entry of judgment in *Davis*, the Three Strikes law expressly makes a defendant subject to its sentencing provisions ineligible for commitment to the CRC pursuant to Welfare and Institutions Code section 3050 et seq. (Pen. Code, §§ 667, subd. (c)(4), 1170.12, subd. (a)(4).) Defendant is unable to point to any statutory provision, like the one in the deferred entry judgment program, making his plea not a conviction to allow for such a CRC commitment. We think it is abundantly clear that the Three Strikes law intended to preclude such commitment.

Here, once defendant Carrillo pled guilty, he became subject to the Three Strikes law unless the court dismissed the "strike" allegation outright. Defendant's proposed procedure is more like the procedure we found impermissible in *People v. Superior Court (Roam)* (1999) 69 Cal.App.4th 1220 [82 Cal.Rptr.2d 119] (*Roam*).

In *Roam*, this court determined that the trial court acted in excess of its jurisdiction in deferring a *Romero* motion and sentencing after conviction and instead released Roam on terms amounting to informal probation. (*Roam, supra,* 69 Cal.App.4th at pp. 1223-1224, 1229-1231.) Roam, who had pled to a current felony and admitted four prior serious or violent felony conviction allegations, was released to attend a rehabilitation program for the purpose of evaluating Roam's amenability to rehabilitation. (*Id.* at pp. 1224, 1229-1231.) This court concluded that the superior court's only procedural option was either to sentence Roam under the Three Strikes law or to exercise its discretion under *Romero* to remove him from the scope of the Three Strikes scheme by dismissing his prior convictions. (*Id.* at pp. 1231-1232.)

Likewise, here, the superior court had the option to exercise its discretion under section 1385, subdivision (a), and consider whether to dismiss the strike allegations outright and take the defendant out of the ambit of the Three Strikes law. (See *Roam, supra,* 69 Cal.App.4th at p. 1229; cf. *People*

*v. Santana, supra,* 182 Cal.App.3d 185, 190-193 [trial court lacked authority under § 1385 to stay execution of enhancement mandated by § 667, subd. (a)]; *People v. Calhoun, supra,* 141 Cal.App.3d 117, 125 ["There is nothing in the language of § 1385, which permits the 'stay' of all or part of a sentence"]; but see *People v. Lopez* (1983) 147 Cal.App.3d 162, 165 [195 Cal.Rptr. 27] [holding that a court may stay imposition of an enhancement on the theory that it is a type of necessarily included power under § 1385].) The superior court recognized the proper limits of its discretion under section 1385 and the Three Strikes law.

The judgment is affirmed.

Cottle, P. J., and Mihara, J., concurred.

A petition for a rehearing was denied April 17, 2001, and appellant's petition for review by the Supreme Court was denied June 27, 2001. Brown, J. was of the opinion that the petition should be granted.