[No. B010338. Second Dist., Div. Five. Mar. 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES JACKSON, Defendant and Appellant.

**COUNSEL**

Robert D. Coppola, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EAGLESON, J.**—Defendant was charged with robbery, a violation of Penal Code section 211.[1] The information further alleged that he had sustained a prior felony conviction for robbery in 1982 within the meaning of section 667, subdivision (a). Defendant was tried by a jury and found guilty of robbery. He admitted the 1982 prior conviction and was sentenced to state prison.

On appeal he raises five specific points of contention, none of which has merit. We affirm the judgment of conviction.

### FACTS

At approximately 11:55 p.m. on August 30, 1984, Officer Vega and his partner saw Mr. Mann, a white male midget, standing at a bus stop. He was a heavyset, elderly gentleman who appeared to be in his late 60's. Defendant was one of the two individuals standing up against a wall a few feet behind Mann. Vega observed defendant approach Mann, grab the rear of Mann's shirt with his left hand and, with his right hand, proceed to grab at Mann's right rear trouser pockets. At this point Vega was approximately 30 yards from the altercation. He could plainly see what transpired because the area was illuminated with light emanating from nearby commercial businesses.

Mann fell face down on the pavement, whereupon defendant jumped upon Mann's back and attempted to rifle through his pockets. The victim contin-

---

[1] All further section references are to the Penal Code unless otherwise noted.

ued to struggle. At this time, the second individual approached and assisted defendant in attempting to remove the belongings from the victim's pockets. Defendant reached into the victim's left trouser pocket and removed a green piece of paper which appeared to be U.S. currency. Defendant handed the money to the other individual who had joined with him in subduing Mann. Vega and his partner arrested the defendant and the other individual from whom Vega recovered $8 in U.S. currency.

Mann immediately approached Vega and appeared to be extremely excited and frightened. The victim had a scared look on his face. He was also shaking and was soiled from being thrown on the ground. Mann said he was standing waiting for the bus when defendant approached him from behind and tried to remove his wallet from the back part of his pants. A struggle ensued and Mann was thrown to the ground. He said, "I was not going to give him anything" until the second suspect "jumped in" and "held me down." That was when defendant removed the money from Mann's pocket. Mann said that he was afraid they were going to hurt him. He further stated, "The only reason they picked on me, I think, is because I am smaller than them." Vega returned Mr. Mann's money to him so he could get home.

Mann did not testify at the preliminary hearing or the trial.

### DISCUSSION

### I

█  Defendant first argues that the case should be remanded to the sentencing court because the court appeared "to have been unaware that the 667(a) enhancement commitment is discretionary."[2] There is no merit to this contention.

Section 667, subdivision (a), is not discretionary. It provides that "[a]ny person convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . ." Unless the prior serious felony is stricken, the court is required to impose the five-year enhancement.

The Supreme Court in *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], held that a court has the power under section 1385 to strike a prior conviction in the furtherance of justice. The striking

---

[2]At the sentencing hearing, the court stated that "[U]nder section 667 of the Penal Code, I am required to impose an additional five year term in the state prison."

of a prior serious felony conviction is not a routine matter. It is an extraordinary exercise of discretion, and is very much like setting aside a judgment of conviction after trial. The power of dismissal under section 1385 requires not only that the trial court's reasons be entered in the minutes but also that dismissal be in " 'furtherance of justice,' " which " 'requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People* . . . . [Citations.]' " (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193], italics in original; see also *People* v. *McAlonan* (1972) 22 Cal.App.3d 982, 986-987 [99 Cal.Rptr. 733].)

Probably because the sentencing of defendant occurred before *People* v. *Fritz* was decided, defendant did not ask the court to strike the prior conviction under section 1385. But even if the court had been inclined to do so, the record would not support that action. The court made a specific finding that there were no factors in mitigation for the purpose of sentencing.[3] The record is devoid of any fact or circumstance to support a striking of the prior in "furtherance of justice." It would have been an abuse of discretion to do so.[4]

Since the prior conviction was proved and before the court, imposition of the enhancement in this situation was mandatory. After finding that there were no mitigating circumstances, the court's statement that it was required to impose the enhancement under section 667, subdivision (a) was correct.

## II

■ Appellant next contends that the section 667, subdivision (a) enhancement should not have been imposed since his prison commitment could have been longer than the enhancement. This contention is without merit. The terms of section 667, subdivision (b) provide that: "This section shall not be applied when the punishment *imposed* under other provisions of law would result in a longer term of imprisonment." (Italics added.) Since the term that was imposed was only three years, it is self-evident that this

---

[3]The court commented: "I have chosen the midterm [three years] because there are no indications of circumstances in aggravation or mitigation." The probation report also advised that there were no factors in mitigation, and from our review of the record, we find none.

[4]In *People* v. *Courtney* (1985) 174 Cal.App.3d 1004 [220 Cal.Rptr. 328], the court, in affirming the judgment imposing the five-year enhancement under section 667, subdivision (a), held that there was no showing that the trial court believed it lacked discretion to strike the prior conviction, but that even if the court erred, the error was harmless because it was not reasonably probable that the court would have exercised its section 1385 discretion to strike the prior. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

sentence for robbery is not a longer term of imprisonment than the five-year enhancement.[5]

## III

■ Appellant continues that his constitutional right to confront and cross-examine witnesses was violated when the trial court permitted into evidence the statements of victim Mann. We disagree.

California Evidence Code section 1240 codified a long-established exception to the hearsay rule, popularly called the "spontaneous exclamation" exception.[6]

Vega testified that after appellant and his accomplice had been arrested, the victim approached the officer in a very excited and frightened manner. He was shaking and soiled from being thrown on the ground. He appeared very scared and very frightened. He explained the circumstances of why he was standing where he was, how appellant approached him, how he fought with appellant and how he was fearful that he was going to be hurt. The trial court did not err in admitting Vega's testimony concerning the statements of victim Mann because they were clearly uttered "under the stress of excitement" caused by the robbery.

## IV

■ Appellant next asserts that his "confrontation rights were further eroded when a charged suspect who had plead [sic] guilty to the offense refused to testify because his sentencing hearing was imminent." One of the paramount protections afforded any criminal defendant is the right to refuse to testify on the grounds that his testimony may tend to incriminate him. (*People* v. *Coleman* (1975) 13 Cal.3d 867, 875-876 [120 Cal.Rptr. 384, 533 P.2d 1024].) Appellant cites no authority for the proposition that the exercise of this right by a codefendant is concurrently a denial of appellant's right to confront and cross-examine witnesses.

---

[5]We do not decide the issue of the applicability of section 667, subdivision (b), where the base sentence imposed is more than five years. Cf. *People* v. *Jackson* (1985) 37 Cal.3d 826, 838 [210 Cal.Rptr. 623, 694 P.2d 736], which held, inter alia, that the double-the-base-term limitation of section 1170.1, subdivision (g) does not apply to section 667 sentence enhancements.

[6]Evidence Code section 1240 provides as follows:

"Evidence of a statement is not made inadmissible by the hearsay rule if the statement:

"(a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and

"(b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception."

Furthermore, a defendant is not entitled to a grant of immunity for a defense witness who claims the Fifth Amendment. (*People* v. *Sutter* (1982) 134 Cal.App.3d 806, 814-817 [184 Cal.Rptr. 829].) This contention is without merit.

V

■ Finally, appellant argues that he was denied his statutory right to a speedy trial. This argument is also without substance.

Section 1382 provides in pertinent part that a defendant must go to trial within 60 days after the filing of the information ". . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." Here, the information was filed October 2, 1984. The trial commenced December 7, 1984, after defendant stipulated to continue trial beyond the 60-day period. The defendant, therefore, was brought to trial within the 60 days plus 10.

DISPOSITION

The judgment of conviction is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.