Filed 7/6/16  P. v. Bennett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078348 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR79498) |
| v. | |
| BENJAMIN MICHAEL BENNETT, | |
| Defendant and Appellant. | |

Defendant Benjamin Michael Bennett was convicted by a jury of attempted criminal threats (count II), assault and battery (count III), and false imprisonment (count IV).  He admitted a prior serious felony strike conviction and three prior prison terms.  The trial court sentenced him to 13 years eight months in state prison, comprised of the upper term, doubled for six years, on count IV; plus one-third the middle term, doubled for eight months, on count II; the five-year enhancement for a prior serious felony; and a one-year term for each of the two prison priors (the third prison prior was stayed), with a misdemeanor sentence on count III to run concurrently.

1

On appeal, this court agreed that the trial court violated Penal Code section 654 by separately punishing defendant for both the attempted criminal threats conviction and the false imprisonment conviction.[1] We stayed the punishment for attempted criminal threats (count II) and affirmed the judgment in all other respects. (*People v. Bennett* (May 11, 2012, C067356) [nonpub. opn.] (*Bennett*).)

Pursuant to our opinion, the trial court amended the abstract of judgment to stay the eight-month sentence on count II and impose an amended aggregate sentence of 13 years in state prison.

On September 19, 2013, defendant filed a petition for writ of habeas corpus in the trial court claiming, among other things not relevant here, that the five-year prior serious felony enhancement pursuant to section 667, subdivision (a)(1) (hereafter section 667(a)(1)) should have been stayed in light of this court's order staying sentence on count II, a serious felony to which the enhancement was attached.

On September 30, 2013, the trial court denied defendant's habeas corpus petition as follows: ". . . Petitioner claims he should not be incarcerated for the enhancements as a result of the Appellate Court finding his conviction of Criminal Threats to be in violation of Penal Code Section 654. However, the trial court prepared a new Abstract of Judgment wherein the Petitioner received no additional time for the conviction of Criminal Threats. The enhancements imposed related to the conviction of False Imprisonment and therefore were properly imposed."

On December 12, 2013, this court denied defendant's habeas corpus petition "for failure to state a prima facie case." (*In re Bennett* (Dec. 12, 2013, C075290) [petn. den. by order].)

---

[1] Undesignated statutory references are to the Penal Code.

2

On October 15, 2014, the California Supreme Court issued the following order: "The Secretary of the Department of Corrections and Rehabilitation is ordered to show cause before the Tehama County Superior Court . . . why petitioner is not entitled to resentencing, as conceded by the Attorney General, because the five-year enhancement imposed under Penal Code section [667(a)(1)] is unauthorized in light of the Court of Appeal's stay of the sentence on count II (attempted criminal threats), the only current serious felony conviction. (See concession by the Attorney General in the Informal Response filed in this court on June 26, 2014; *People v. Salazar* (1987) 194 Cal.App.3d 634, 640, fn. 6; *People v. Kramer* (2002) 29 Cal.4th 720 [(*Kramer*)].) The return is to be filed on or before November 14, 2014." (*In re Bennett* (Oct. 15, 2014, S216330) [order to show cause].)

On November 6, 2014, the district attorney filed its return, arguing defendant should be resentenced in light of the trial court's "fail[ure] to conduct the proper analysis under section 654(a) . . . ." The district attorney argued the section 667(a)(1) enhancement should be imposed on the sentence on attempted criminal threats (count II), which should not have been stayed, as that crime carries a longer sentence than the crime of false imprisonment (count IV), which should have been stayed. The district attorney also argued the trial court lacked discretion to stay a section 667(a)(1) enhancement that has been pleaded and proven. (*People v. Jordan* (2006) 141 Cal.App.4th 309, 319 (*Jordan*).)

Defendant filed his traverse on January 23, 2015, asserting the People's argument was not only contrary to this court's holding but also untimely and therefore forfeited. Defendant argued the five-year section 667(a)(1) enhancement should be struck.

On January 26, 2015, the trial court resentenced defendant to an aggregate term of 10 years in state prison, comprised of the upper term, doubled for three years, on count II (staying the sentence on count IV instead), plus a five-year prior serious felony

3

enhancement and a one-year term for each of the two prison priors (the third prison prior was stayed), and ordered the misdemeanor sentence on count III to run concurrently.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court erred by not staying the five-year prior serious felony enhancement (§ 667(a)(1)) because (1) this court's remittitur required the trial court to stay both the attempted criminal threats sentence and the five-year section 667(a)(1) enhancement, (2) the People's return improperly raised new issues, (3) the Supreme Court's order did not permit the trial court to address issues not raised in defendant's habeas corpus petition or to restructure the sentence, and (4) any claim of error in the application of section 654 was not appropriately brought to the trial court's attention and was thus forfeited.

The People argue the trial court properly resentenced defendant on remand in order to avoid an unauthorized sentence, which "may be vacated and corrected by any court at any time." They argue the previous sentence was unauthorized because the longest potential sentence, which included the enhancement (*Kramer*, *supra*, 29 Cal.4th at pp. 723-724), was the upper term, doubled to three years, on *count II* (not count IV), plus the five-year section 667(a)(1) enhancement, for a total of eight years. Therefore, count IV should have been stayed rather than count II, and the court lacked jurisdiction to stay the section 667(a)(1) enhancement that had already been pleaded and proven. (*Jordan, supra*, 141 Cal.App.4th at p. 319.) The People have the better argument.

"It has been held that '[w]hen the truth of the allegation of conviction of a crime qualifying for a five-year enhancement has been established, it is mandatory that the enhancement be imposed.' [Citation.] Thus, '[c]ourts lack discretion to strike or stay allegations of prior serious felony conviction[s] under section 677, subdivision (a)(1).' ([Citation]; but see *People v. Vera* (2004) 122 Cal.App.4th 970, 982-983.)" (*Jordan, supra*, 141 Cal.App.4th at p. 319.)

4

"Section 667, subdivision (a), is not discretionary. It provides that '[a]ny person convicted of a serious felony . . . *shall* receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . .' Unless the prior serious felony is stricken, the court is required to impose the five-year enhancement." (*People v. Jackson* (1986) 178 Cal.App.3d 694, 697 (*Jackson*), italics added.)

An unauthorized sentence is " 'subject to judicial correction when it ultimately [comes] to the attention of the trial court or [reviewing] court' [citation] . . . ." (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256 (*Renfrow*).)

Defendant's contentions are based on the flawed premise that this court's remittitur required the trial court to stay *both* the attempted criminal threats sentence and the five-year section 667(a)(1) enhancement. It did not. It addressed the limited issue raised by defendant in his appeal—that the trial court violated section 654 by punishing him for the conviction of both attempted criminal threats (count II) and false imprisonment (count IV). His appeal did not raise the issue of the section 667(a)(1) enhancement, and thus our opinion did not address that issue. Indeed, our disposition was limited to staying the punishment for the attempted criminal threats. (*Bennett*, *supra*, C067356.) Pursuant to our remittitur, the trial court did so by amending the abstract to stay the eight-month sentence on count II.

Defendant's habeas corpus petition raised the issue of disposition of the five-year section 667(a)(1) enhancement. The trial court denied the petition, as did this court on review. The Supreme Court took the matter up for review and requested that the People file an informal response to defendant's petition to address whether "the five-year enhancement imposed pursuant to Penal Code section 667, subdivision (a) [should] be stayed because the Court of Appeal stayed the sentence on Count [II] (attempted criminal threats), which was the only current serious felony."

In their informal response dated June 18, 2014, the People argued this court "erred because a court must impose 'the longest potential sentence' under section 654," thus requiring that defendant be resentenced by imposing sentence on count II, plus the associated five-year section 667(a)(1) enhancement, and staying the subordinate sentence on count IV.

The Supreme Court issued its order to show cause why defendant should not be resentenced, noting the section 667(a)(1) enhancement was "unauthorized in light of the Court of Appeal's stay of the sentence on count II (attempted criminal threats), the only current serious felony conviction." (*In re Bennett*, *supra*, S216330.) The order set a deadline for the filing of a return. (*Ibid*.)

The People's return reiterated the argument made in the June 18, 2014, informal response that defendant should be resentenced and the section 667(a)(1) enhancement imposed, as the sentence on attempted criminal threats (count II) should not have been stayed given that it carries a longer sentence than the crime of false imprisonment (count IV), which should have been stayed. This, the People argued, was a failure of the trial court to conduct the proper analysis under section 654, subdivision (a). The People also argued the trial court lacked discretion to stay a section 667(a)(1) enhancement that has been pleaded and proven. (*Jordan*, *supra*, 141 Cal.App.4th at p. 319.)

We reject defendant's claim that the People improperly raised the issue of an unauthorized sentence. As we have previously held, " 'the prosecution may raise for the first time on appeal or in connection with a defendant's habeas corpus petition the question of whether a sentence was unauthorized by law.' [Citation.]" (*Renfrow*, s*upra*, 164 Cal.App.4th at p. 1256.) In that regard, defendant acknowledges that, "[i]f we may correct unauthorized sentences whenever they come to our attention, it must follow that any means by which the error is called to our attention are 'appropriate.' " (*People v. Crooks* (1997) 55 Cal.App.4th 797, 811.) He further acknowledges that a section 654 claim is ordinarily not waived by failing to object below. (*People v. Hester* (2000)

6

22 Cal.4th 290, 295.) Here, no one, including defendant, raised the issue of the section 667(a)(1) enhancement until after the trial court amended the abstract of judgment pursuant to this court's opinion on defendant's first appeal. Once defendant raised the issue in his habeas corpus petition, the People responded to the Supreme Court's request for an informal response by arguing defendant should be resentenced to avoid an unauthorized sentence—by staying count IV instead of count II and imposing the attendant section 667(a)(1) enhancement.

Defendant argues the trial court ignored its duty to follow the instructions in our remittitur to stay the sentence on count II even if it believed our opinion was incorrect. Not so. The trial court followed this court's instructions, which were limited to staying count II. However, as noted by the Supreme Court, the resulting sentence was unauthorized in light of the section 667(a)(1) enhancement. In response thereto, the People pointed out that staying count II and the five-year enhancement would further result in an unauthorized sentence, which could be corrected by staying count IV instead of count II. Defendant would have us correct only a portion of the unauthorized sentence by staying just the section 667(a)(1) enhancement, despite the rule that imposition of the enhancement is mandatory (*Jackson*, *supra*, 178 Cal.App.3d at p. 697); " '[c]ourts lack discretion to strike or stay allegations of prior serious felony conviction[s] under section 677, subdivision (a)(1)' " (*Jordan*, *supra*, 141 Cal.App.4th at p. 319); and the resulting sentence would nonetheless be unauthorized given the misapplication of section 654, which requires imposition "under the provision that provides for the longest potential term of imprisonment" (§ 654, subd. (a)). As previously discussed, the longest potential term of imprisonment is count II plus the section 667(a)(1) enhancement. It is well settled that an "appellate court can correct a legal error resulting in an unauthorized sentence (including a misapplication of § 654) at any time." (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.) Because the result the trial court reached on resentencing is correct, we need only affirm the judgment.

DISPOSITION

The judgment is affirmed.


                                            RAYE          , P. J.


We concur:


        ROBIE        , J.


        RENNER      , J.