Filed 7/29/16  P. v. Brown CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL IZELL BROWN,<br><br>         Defendant and Appellant. | A145580<br><br>(Mendocino County<br>Super. Ct. No. SCUK CRCR 14-76719) |

In this appeal after a jury trial, we are asked to review only the decision by the trial court to deny appellant's motion to strike priors based on *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  The trial court articulated its reasons for denying the motion and we find it exercised its discretion in this regard.  We therefore affirm.

**STATEMENT OF THE CASE**

On July 3, 2014, the District Attorney of Mendocino County filed an information charging appellant with possession of cocaine for sale, a violation of Health and Safety Code section 11351 (count 1); and possession of methamphetamine for sale, a violation of Health and Safety Code section 11378 (count 2).  The information also alleged appellant sustained a prior strike conviction based on his conviction for premeditated

attempted murder (Pen. Code,[1] §§ 1170.12, 667, 664/187). The information also alleged appellant was convicted of three other felonies.

The proceedings in this case were suspended on January 28, 2015, pursuant to section 1368. Appellant was considered competent and criminal proceedings were reinstated on February 11, 2015. The jury trial commenced on April 13, 2015. The following day, after deliberations, appellant was convicted of both counts. Afterwards, in a bifurcated hearing, the court found appellant had sustained a strike conviction as alleged, and had been convicted of two of the three other priors also alleged in the information. On June 23, 2015, the court denied appellant's *Romero* motion. That same day, the court denied probation and sentenced appellant to state prison for a term of eight years four months. Appellant filed his notice of appeal on June 25, 2015.

**STATEMENT OF FACTS**

On April 6, 2014, around 11:00 a.m., Ukiah officer Thiele was dispatched to the parking lot of a Jack in the Box restaurant concerning information that drug transactions were taking place in the lot. Earlier that morning, reserve deputy McNamara of the Del Norte County Sheriff's Office, while having breakfast with his family, observed suspicious activity associated with a white Ford Explorer. On at least three instances, individuals approached the Explorer and interacted with a man in the vehicle for a few minutes. It appeared exchanges were taking place. Appellant was the person in the Explorer.

Thiele received permission from appellant to examine the interior of the vehicle. The officer found a potato chip bag in the front seat; it contained 12 small plastic bags containing white crystal powder of suspected methamphetamine. The chip bag also contained three plastic bags of a white substance believed to be cocaine. In the rear of

---

[1] All subsequent statutory references, unless otherwise indicated, will be to the Penal Code.

2

the vehicle was a large brown paper bag containing 70 plastic bags. Appellant had $993 on his person.

The analysis of the white crystal powder established it was methamphetamine with a weight of 6.7 grams and the white powder was cocaine with a weight of 2.3 grams. Officer Cedric Cook of the Ukiah Police Department testified he believed the product, packaged as it was, was possessed by appellant for sale.

## DISCUSSION

The lone issue here is whether the trial court's refusal to strike appellant's strike prior was improper. Appellant contends under *Romero, supra*, 13 Cal.4th 497 the trial court acted unreasonably. We disagree.

In *Romero,* the defendant was charged with possession of a controlled substance with four prior felony convictions, including two alleged as strike priors. (*Romero*, *supra*, 13 Cal.4th at p. 506.) He pleaded guilty in return for the trial court's agreement to strike the prior serious felony convictions and was sentenced to state prison for six years; three years for the drug possession conviction and one year for each alleged felony prior. (*Id*. at p. 507.) The issue on appeal was whether the trial court had authority under section 1385, subdivision (a) to strike priors on its own motion. (*Id*. at pp. 507–508.) The Supreme Court held it had such discretion. (*Id*. at pp. 529–530.)

The Supreme Court assessed the trial court's discretion to strike priors in *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*). There, the defendant was charged in 1995 with driving under the influence of a drug, a felony, because he had three prior convictions for the same offense in a period of seven years. He also suffered two prior prison terms for rape and attempted robbery in 1982, had two prior prison term convictions for possession of a firearm by an ex-felon, along with convictions for other offenses. (*Id*. at p. 152.) He additionally had parole and probation revocations. (*Id*. at p. 154.) The trial court indicated it would strike one prior and sentence the defendant as a

second strike offender. The defendant took the offer (*id*. at p. 156) and was sentenced to nine years in prison as a second strike offender (*id*. at p. 157).

In *Williams,* the court held the preponderant weight under *Romero*, *supra*, 13 Cal.4th 497 is to focus on the factors sustaining the sentencing scheme of strike punishment. The focus is on the nature and circumstances of the defendant's present felonies, along with his serious and/or violent felony convictions, and the particulars of his background, character, and prospects. (*Williams, supra*, 17 Cal.4th at 161.) This review is aimed at asking whether the defendant is considered outside the scheme's spirit, in whole or in part, and, consequently, whether he should be treated as one who previously has not been convicted of one or more serious or violent crimes. (*Ibid.*) Upon review, there was nothing about the defendant's present or prior felonies that favored him for *Romero* consideration. The history reflected he had refused to learn his lesson. (*Williams*, at p. 163.) The decision to strike a prior serious felony conviction is an extraordinary exercise of discretion and is analogous to setting aside a jury finding of guilt. (*People v. Jackson* (1986) 178 Cal.App.3d 694, 697–698.) Only in extraordinary circumstances will a convicted defendant be deemed to fall outside the strike enhancement scheme of sentencing. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

In our review of the decision by the trial court, we review the record to see whether the trial judge abused her discretion in this instance. (*Carmony, supra,* 33 Cal.4th at pp. 376–377.) Here the trial judge explained her reasons for not striking the prior. She stated: "Well, with regard to the invitation to strike the strike, I am going to decline the invitation. The reason I am declining that invitation, so the record reflects I am exercising my discretion in this regard. [T]he circumstances of this offense I think are such that the numerous felonies that Mr. Brown has on his record, as well as the short amount of time in between he was out of custody from CDCR and the commission of this offense, he was on parole at the time. [¶] There is nothing in the *Romero* motion—or the

4

*Romero* case or the cases that have made efforts to interpret that case therefrom, even though Mr. Brown has had employment he has people to attest to his value as an employee. I don't believe rises to the level of taking this out of the heartland of strike litigation, so I am going to decline to strike the strike."

Counsel for appellant further argued in this matter, pointing out several of appellant's arrests did not result in any conviction but were dismissed or not prosecuted. The judge agreed with counsel's observation and stated, "Okay, I am not going to consider the arrests. It's . . . I had a lot of time to think about this case before I got the probation officer's report. I presided over the trial[;] I pretty much came to my own conclusion about what the right sentence is." Right before sentencing appellant, the court again articulated her view on discretion under *Romero*: "All right. In this matter, I have weighed the information and factors affecting probation and also the circumstances in aggravation, the circumstances in mitigation. As well as the record—factual record developed throughout the case, including trial. I was the judge that presided over the trial, so I am well acquainted with the facts. And I have declined the invitation to strike the strike because—for the reason I previously stated and I don't think it would be a just exercise in my discretion to do that."

The sentencing judge did exercise her discretion under section 1385 to strike the special allegation pursuant to Health and Safety Code section 11370.2, subdivision (a),[2] found true by the jury, lessening the appellant's sentence to a degree.

We have reviewed the probation report in this matter and it reflects a substantial criminal history justifying the position taken by the trial court. Appellant has a 1993 conviction for grand theft, a 1995 conviction for *premeditated* attempted murder with

_____

[2] This enhancement alleged appellant had a 2005 felony prior for sale of a controlled substance in violation of Health and Safety Code section 11352. If sentence was imposed for this allegation, appellant could have had a consecutive three-year prison term.

5

great bodily injury, assault with a deadly weapon by means of force likely to produce great bodily injury, and 2005 convictions for possession of cocaine and transportation of cocaine. Additionally, appellant had only been out of state prison for four months before this arrest, and was still on parole at the time of the conviction. Relying on *Williams*, *supra*, 17 Cal.4th 148 and *Carmony*, *supra*, 33 Cal.4th 367, we cannot say the articulated reasons of the trial court are "so irrational and arbitrary that no reasonable person could agree with it." (*Carmony,* at p. 377.)

Appellant's brief argues at length the trial court abused her discretion here. We will not exercise our limited resources to engage in a line-by-line refutation of her contentions. The level of verbiage will not change our view the trial court acted appropriately and *fully* substantiated her reasons for denying the *Romero* motion while at the same time striking appellant's Health and Safety Code section 11370.2, subdivision (a) enhancement found true by the jury. It is also noted the probation report recommended a state prison sentence exceeding the court's sentence by five years.

## CONCLUSION

After reviewing the record in this matter, we conclude the trial court acted within her considerable discretion and declined to strike the prior strike of appellant under section 1385, subdivision (a). We therefore affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
DONDERO, J.

We concur:


_____
MARGULIES, Acting P. J.


_____
BANKE, J.