Filed 10/26/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>SHAUN REGINALD SHAW,<br><br>     Defendant and Appellant. | D076124<br><br><br>(Super. Ct. No. SCD271055) |

APPEAL from a judgment of the Superior Court of San Diego County, Frederick L. Link, Judge.  Affirmed in part and remanded for sentencing.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Dodd Butera, Deputy Attorneys General, for Plaintiff and Respondent.

In a previous appeal (*People v. Shaw* (Jan. 7, 2019, D072841) [nonpub. opn.]), we affirmed defendant Shaun Reginald Shaw's convictions for burglary, assault with a deadly weapon, and making a criminal threat, but remanded to allow the trial court to exercise its new authority pursuant to Senate Bill No. 1393 (Senate Bill 1393) (Stats. 2018, ch. 1013) to consider striking Shaw's five-year enhancement for his serious prior felony conviction. (Pen. Code,[1] §§ 667, subd. (a)(1), 1385, subd. (b).)  At resentencing, the trial court again imposed the enhancement.  Shaw contests that decision and further argues that he is again entitled to resentencing, this time in light of Senate Bill No. 136 (Senate Bill 136) (Stats. 2019, ch. 590).  As we explain, we find no abuse of discretion in the decision not to strike the five-year enhancement imposed under section 667, subdivision (a)(1).  Nevertheless, resentencing is necessary to permit the trial court to strike the prison priors pursuant to recently enacted Senate Bill 136.

FACTUAL AND PROCEDURAL BACKGROUND

Because Shaw's second appeal pertains only to sentencing issues, we describe the facts of the underlying case only briefly.  Shaw was storing vehicles on William C.'s property without permission, and William had one of the vehicles towed.  Enraged, Shaw broke into William's home, swinging a hatchet, demanding his " 'mother fucking cars' " and threatening to " 'kill [his] ass.' "  Shaw cut William's lip with the hatchet and pursued William through the home, punching him and verbally threatening his life.  A jury convicted Shaw of first degree residential burglary with a nonaccomplice present (§§ 459, 460, subd. (a), 667.5, subd. (c)(21)), assault with a deadly weapon (§ 245, subd. (a)(1)), and making a criminal threat (§ 422).  The court sentenced Shaw to a total term of 21 years and 4 months in state prison,

---

[1]     Further statutory references are to the Penal Code.

which included a then-mandatory 5-year consecutive sentence for his serious felony prior conviction and an additional 4 years for his prior prison terms.

In our earlier opinion, we agreed with two of Shaw's contentions and remanded for resentencing so that the court could correct an error under section 654 and exercise its discretion to consider striking the five-year prior serious felony enhancement pursuant to Senate Bill 1393 (Stats. 2018, ch. 1013, §§ 1, 2). At a June 2019 resentencing hearing, the same trial judge declined to strike the five-year enhancement. Detailing a lengthy list of prior convictions starting in 1987, he described Shaw as a "one-man crime wave" and suggested it would be inappropriate to strike the enhancement. The court ultimately imposed an 18-year state prison term, including four one-year enhancements as to each of his prison priors under section 667.5, former subdivision (b).

## DISCUSSION

1. *Senate Bill 1393*

Shaw argues first that the court erred in declining to strike the five-year enhancement under section 667, subdivision (a), asserting that because the mitigating circumstances outweighed those in aggravation, the resulting 18-year sentence was "patently absurd." We are unpersuaded. We have found few published opinions following the enactment of Senate Bill 1393 that define the scope of a trial court's authority to strike a prior serious felony enhancement "in furtherance of justice" (§ 1385, subd. (b)), or discuss in any detail the standard of appellate review. (Compare *People v. Brooks* (2020) 53 Cal.App.5th 919, 926–927 [reviewing denial of post-Senate Bill 1393 motion to strike nickel prior for abuse of discretion exercised in light of relevant sentencing criteria].) But older cases and the relevant legislative history indicate that trial courts must evaluate the nature of the offense and the

3

offender in deciding whether to strike a nickel prior, with appellate courts reviewing a trial court's ruling for abuse of discretion. Because the trial court here exercised its discretion along permissible lines, no error occurred.

A

Penal Code section 667, subdivision (a) requires a trial court to impose a five-year enhancement for each prior serious felony conviction. In *People v. Fritz*, (1985) 40 Cal.3d 227, 230–231 (*Fritz*), our Supreme Court held that absent express language to the contrary, courts retained statutory authority under section 1385 to strike a prior felony conviction "in furtherance of justice." In response, the Legislature enacted as urgency legislation former subdivision (b) of section 1385 " 'expressly for the purpose of abrogating *People v. Fritz.*' " (*People v. Fuentes* (2016) 1 Cal.5th 218, 231; Stats. 1986, ch. 85, §§ 3, 4, pp. 211–212.) The Career Criminal Punishment Act (Act) took effect on March 6, 1986, specifying that courts lacked the power "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Stats. 1986, ch. 85, §§ 1, 2, p. 211.) The Act also added language to section 667, former subdivision (a)(1) cross-referencing section 1385, former subdivision (b). Together, these 1986 amendments made imposition of the five-year enhancement mandatory in all cases; courts had no discretion to strike or dismiss the enhancement pursuant to section 1385.

The situation changed on January 1, 2019 when Senate Bill 1393 took effect. (Stats. 2018, ch. 1013, §§ 1, 2.) This legislation amended section 1385, subdivision (b)(1) to give courts power to strike the five-year prior serious felony enhancement "in furtherance of justice." (Stats. 2018, ch. 1013, § 2.) It likewise amended section 667, subdivision (a)(1) to strike the cross-reference to section 1385, subdivision (b). (Stats. 2018, ch. 1013, § 1.) By making these changes the Legislature sought to reinstate the rule previously

4

articulated in *Fritz*, *supra*, 40 Cal.3d 227. (Sen. Com. of Pub. Safety Rep. on Sen. Bill 1393 (2018–2019 Reg. Sess.) p. 5.)

Although *Fritz* predates the enactment of section 1385, subdivision (b), reinstatement of its result and reasoning suggests that we review a trial court's decision not to strike a prior serious felony enhancement for abuse of discretion. (See *Fritz, supra,* 40 Cal.3d at p. 231 [remanding for trial court to exercise its "power to strike"]; *People v. Jacob* (1985) 174 Cal.App.3d 1166, 1174 (*Jacob*) [trial judge "exercised his discretion" in declining to strike]; see also *People v. Stamps* (2020) 9 Cal.5th 685, 702 ["Senate Bill 1393 was intended to bring a court's discretion to strike a five-year serious felony enhancement in line with the court's general discretion to strike other enhancements."].) *Fritz* was in effect for just a few short months before its abrogation (from October 1985 to March 1986), leaving little case authority to illuminate the scope of a trial court's renewed discretion to strike a prior serious felony enhancement. But cases decided in that short window indicate that a trial court does not abuse its discretion in declining to strike the enhancement if it evaluates the nature of the offense and background of the offender. (See *Jacob,* at p. 1174 [trial judge "considered Jacob's background and the circumstances surrounding his present and prior offenses"]; see also *People v. Courtney* (1985) 174 Cal.App.3d 1004, 1007 [any failure to exercise discretion to strike the five-year enhancement was harmless given the gravity of the offense and defendant's criminal history]; *People v. Jackson* (1986) 178 Cal.App.3d 694, 698 (*Jackson*) [absent mitigating circumstances or other factors to strike the prior, "[i]t would have been an abuse of discretion to do so"].)

In refining the standard, we find additional support from cases interpreting identical "in furtherance of justice" language found in section

5

1385, subdivision (a). Unlike a court's renewed statutory authority to strike a serious felony enhancement, courts have long had the power under section 1385, subdivision (a) to dismiss an action, allegation, or finding "in furtherance of justice." (See *People v. Williams* (1981) 30 Cal.3d 470, 478.) In exercising this power, courts must consider both " 'the constitutional rights of the defendant, and the interests of society represented by the People.' " (*People v. Orin* (1975) 13 Cal.3d 937, 945, italics omitted.) Section 1385 allows courts to ensure "that persons are sentenced based on the particular facts of the offense and all the circumstances. It enables the punishment to fit the crime as well as the perpetrator." (*Williams*, at p. 489.) Where a court chooses to dismiss or strike under section 1385, "the reason for dismissal must be 'that which would motivate a reasonable judge.' " (*Orin,* at pp. 945–946.)

These cases underscore what *Fritz* and its brief progeny make clear: We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion. No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender.

## B

Turning to our record, we conclude no abuse of discretion occurred. The court considered the relevant factors and reasonably concluded it would not be "in furtherance of justice" to strike the five-year enhancement. The trial judge stated that he stood by the reasons he had articulated at the original sentencing hearing. At that prior hearing, he remarked that this was a "serious case." Although the victim managed to escape with just a cut on his lip, Shaw still "busted into somebody's home with an ax[e] in hand" and "attacked them with a hatchet." That the judge found no factors in

6

mitigation at the original sentencing hearing further supports his ruling. (See *Jackson, supra,* 178 Cal.App.3d at p. 698.)

Detailing Shaw's criminal history, the court further reasoned that striking the enhancement given his extensive criminal record would be inappropriate. While Shaw seemed "to be a nice guy," he clearly had a problem. Since 1987, he had been convicted of firearm possession, assault with a deadly weapon, theft, and possessing, selling, and transporting controlled substances. Taken together with this case, the court described Shaw as "a one-man crime wave." Shaw emphasizes that his prior serious felony conviction is 25 years old, and the majority of his criminal record consists of drug-related offenses. But whatever the nature of Shaw's past convictions, the trial court could have reasonably determined that their frequency weighed against striking the enhancement.

2.    *Senate Bill 136*

At Shaw's June 2019 resentencing, the trial court declined to strike his four prison priors. It imposed a one-year enhancement for each, resulting in four additional years on his sentence. Effective January 1, 2020, Senate Bill 136 (Stats. 2019, ch. 590, § 1) amended section 667.5, subdivision (b) to eliminate the one-year enhancement for prison priors for nonsexually violent prior offenses. As an amendment that ameliorates criminal punishment, Senate Bill 136 applies retroactively to cases like Shaw's that were not final when the amendment took effect. (*In re Estrada* (1965) 63 Cal.2d 740, 745; see *People v. Smith* (2020) 46 Cal.App.5th 375, 396; *People v. Gastelum* (2020) 45 Cal.App.5th 757, 772 ; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

Since none of Shaw's prison prior offenses were sexually violent, the four one-year enhancements imposed under section 667.5, subdivision (b) are unauthorized and must be stricken. Furthermore, when an error affects part

7

of a sentence, the case must be remanded for a full resentencing hearing as to all counts to permit a trial court to exercise its sentencing discretion in light of the changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) We therefore remand for resentencing.

DISPOSITION

The matter is remanded for resentencing, where the trial court is directed to strike each of the one-year enhancements imposed pursuant to section 667.5, subdivision (b). Upon resentencing, the clerk of the superior court shall prepare an amended abstract of judgment and is directed to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


DATO, J.

WE CONCUR:


HALLER, Acting P. J.


GUERRERO, J.